COMMONWEALTH *vs.* ARTHUR L. BERNEY.

Norfolk.   January 2, 1968. — February 2, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Way*, Parking.  *Motor Vehicle*, Parking.  *Brookline.  Practice, Criminal*, Appeal.  *Evidence*, Judicial notice.

Judicial notice is not taken of a municipal traffic rule.  [572]

Where the record on an appeal to this court under G. L. c. 278, § 28, showed only a complaint for violation of a traffic rule, not set forth, and the facts that the defendant had been found guilty and sentenced to pay a fine, there was no error in the judgment "founded upon matter of law apparent upon the record" and the judgment must be affirmed.  [572]

A rule promulgated by the Brookline Traffic Commission forbidding parking of any vehicle on any street for more than one hour between two o'clock and six o'clock in the morning of any day, except in an emergency, was within the authority conferred on the commission by St. 1960, c. 631, § 3, as amended by St. 1962, c. 420, § 2, and was not invalid as arbitrary or capricious or lacking in reasonable relation to traffic control.  [573–574]

FOUR COMPLAINTS received and sworn to in the Municipal Court of Brookline on April 8, 1966.

Upon appeals to the Superior Court the cases were heard without jury by *Bento*, J., a District Court judge sitting under statutory authority.

*William A. McCormack, Jr.*, for the defendant.

*Herbert Abrams*, Assistant District Attorney, for the Commonwealth (*Phillip Cowin*, Town Counsel, for the Town of Brookline, with him).

SPALDING, J.  The defendant appeals from convictions in the Superior Court on four complaints charging that on certain specified dates he "did park . . . [his motor vehicle] on Winthrop Road [in Brookline] for a period of time longer than one hour between the hours of two in the morning and six in the morning against . . . the form of the Traffic Rule

and Order of said Brookline." A fine of $1 on each complaint was imposed.

The appeals are under G. L. c. 278, § 28, which provides, so far as material, that "A defendant aggrieved by a judgment of the superior court founded upon matter of law apparent upon the record in any criminal proceeding . . . may appeal therefrom" to this court. The defendant challenges the convictions on the ground that the all night parking prohibition appearing in the traffic rules and regulations promulgated by the Traffic Commission of the town was invalid. The record, however, shows only the complaints and the facts that the defendant was convicted and fined. The challenged rule is not before us and we do not take judicial notice of it. *O'Brien* v. *Woburn,* 184 Mass. 598 (city ordinance). *Finlay* v. *Eastern Racing Assn., Inc.* 308 Mass. 20, 26–27 (rules of State Racing Commission). *Cerwonka* v. *Saugus,* 316 Mass. 152, 153 (town by-laws). *Forbes* v. *Kane,* 316 Mass. 207, 210 (city ordinance). The rule should have been introduced in evidence in the trial court and either made part of a bill of exceptions, if the case were brought here on exceptions (*Forbes* v. *Kane, supra*); or, if the case were to come here on appeal under G. L. c. 278, § 28, included in a statement of agreed facts and made a part of the record, as was done in *Commonwealth* v. *Dobbins,* 344 Mass. 272. For an exhaustive discussion as to what constitutes the "record" in a statute similar to § 28, see *Harrington* v. *Anderson,* 316 Mass. 187, 191–193. Thus, since the challenged rule is not properly before us, we perceive no error in the judgments "founded upon matter of law apparent upon the record" and they must be affirmed. The case could very well end here. But, since the result will be the same, and the parties are in agreement as to the existence and wording of the rule sought to be assailed and have dealt with it in their briefs, an expression of our views is not inappropriate.

By St. 1960, c. 631, the Legislature established a traffic commission in the town of Brookline. The statute was to become effective upon its acceptance by the town and it

appears to have been accepted. Section 3 of c. 631, as amended by St. 1962, c. 420, § 2, reads, in part, "The commission shall have exclusive authority, except as otherwise herein provided, to adopt, amend, alter and repeal rules and regulations, not inconsistent with general law as modified by this act, relative to vehicular street traffic in the town, and to the movement, stopping or standing of vehicles on, and their exclusion from, all or any streets, ways, highways, roads and parkways, under the control of the town, including rules and regulations designating any way or part thereof under said control as a through way under and subject to the provisions of section nine of chapter eighty-nine of the General Laws, and shall also have all authority previously granted to the selectmen by virtue of the provisions of section twenty-two of chapter forty of the General Laws. Said commission may prescribe a schedule of fines not exceeding fifteen dollars for each violation of parking regulations in the calendar year as authorized by section twenty A of chapter ninety of the General Laws."

Pursuant to this statute the Traffic Commission promulgated rules. Of these, art. V, § 11, is here pertinent and it reads: "No All Night Parking — It shall be unlawful for the driver of any vehicle, other than one acting in an emergency, to park said vehicle on any street for a period of time longer than one (1) hour between the hours of 2:00 A.M. and 6:00 A.M. of any day." It is to be noted that the enabling act gave the commission all of the authority previously granted to selectmen by virtue of the provisions of G. L. c. 40, § 22, which authorizes (with exceptions not here material) the making of rules "for the regulation of carriages and vehicles used therein."

We held in *Commonwealth* v. *Dobbins*, 344 Mass. 272, that the power delegated by c. 40, § 22, was not diminished by the enactment of G. L. c. 40, § 21 (21), inserted by St. 1956, c. 509. Section 21 (21) authorizes (G. L. c. 40, § 1) towns and cities to enact by-laws and ordinances "For prohibiting or regulating the parking of any motor vehicle in front of any dwelling house except by the occupants of said

dwelling house, provided that notice of said prohibition or regulation is given by the use of portable or permanent signs." In the *Dobbins* case, the court discussed the impact of § 21 (21) on § 22 and concluded that the latter section authorizes the regulation of parking. That case is controlling here. The defendant seeks to distinguish the *Dobbins* case on the ground that the ordinance involved there was enacted prior to § 21 (21) and further urges that the *Dobbins* opinion considered, at most, the compatibility of §§ 21 (21) and 22 of c. 40. We are of opinion that the reasoning in the *Dobbins* case is authority for sustaining the validity of art. V, § 11, of the Brookline traffic rules and regulations. As was said there: "The composite effect of the statutes seems to be that a city can now enact an ordinance pursuant to either § 22, or § 21 (21)" (pp. 274–275). Thus, a city or town may now grant the occupant of a dwelling house a privilege of parking in front of his house to the exclusion of anyone else provided proper notice is given. The defendant stresses the fact that the enabling act (St. 1960, c. 631, as amended) makes no specific reference to parking. But it confers on the commission "all authority previously granted to the selectmen by virtue of the provisions of section twenty-two." And that authority, as the *Dobbins* case holds, includes the power to regulate parking.

The defendant's principal argument is that the overnight parking ban bears no reasonable relationship to traffic control. He suggests that there are more reasonable ways of accomplishing the same ends. But the regulation of traffic is a legislative matter which the Legislature has entrusted to the Brookline Traffic Commission. We are unable to say that the rule under consideration was arbitrary or capricious and bore no reasonable relation to traffic control. A similar contention was made in the *Dobbins* case and is answered by what we said there. 344 Mass. 272, at page 275.

*Judgments affirmed.*