COMMONWEALTH *vs.* CHARLES R. HESSER, JR. February 20, 1974. The defendant (1) was convicted in the Municipal Court of the City of Boston of a violation of some form of parking regulation (see, generally, G. L. c. 90, § 20 [as most recently amended by St. 1967, c. 182]; G. L. c. 90, § 20C [as most recently amended by St. 1966, c. 119]; *Commonwealth* v. *Marder,* 346 Mass. 408 [1963], app. dism. sub nom. *Marder* v. *Massachusetts,* 377 U. S. 407 [1964]; *Massachusetts Port Authy.* v. *Clerk of the East Boston Dist. Court,* 350 Mass. 195, 196-197, 199-200 [1966]; *Commonwealth* v. *Minicost Car Rental, Inc.* 354 Mass. 746 [1968]), (2) appealed to the Superior Court (G. L. c. 278, § 18, as amended through St. 1955, c. 131, § 8), where he was again convicted, and (3) has now appealed to this court under G. L. c. 278, § 28. The meager "record" within the meaning of said § 28 consists of the original complaint, the record of conviction in the Municipal Court, and a transcript of the docket entries in the Superior Court (as to the last of which see *Styrnbrough* v. *Cambridge Sav. Bank,* 299 Mass. 22, 23-24 [1937]; *Watts* v. *Watts,* 312 Mass. 442, 447 [1942]); the contents of the regulation are not before us (see *Commonwealth* v. *Berney,* 353 Mass. 571, 572 [1968]; *Commonwealth* v. *Hesser, ante,* 850 [1973]), and there is no transcript of the evidence or of the proceedings in the Superior Court (see *Guerin* v. *Commonwealth,* 337 Mass. 264, 266 [1958]). The docket entries disclose no motion to dismiss (G. L. c. 277, § 47A, inserted by St. 1965, c. 617, § 1, as amended by St. 1965, c. 756) or any motion for a bill of particulars (G. L. c. 277, §§ 34 and 40) filed in the Superior Court. The only point open on this record and which has been argued within the meaning of Rules 1:13 and 1:15(1) (d) of this court (see *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]) is that in the Superior Court the defendant was denied the right to trial by jury accorded by G. L. c. 263, § 6 (as amended through St. 1971, c. 843, § 21), and by G. L. c. 278, § 2. The defendant must prevail on this point. The docket entries do not disclose the filing of a written waiver of trial by jury signed by the defendant, such as is required by G. L. c. 263, § 6 (see *Gallo* v. *Commonwealth,* 343 Mass. 397, 402 [1961]); to the contrary, they show that the judge of a Municipal Court (sitting under statutory authority) by whom the defendant was

tried expressly denied an (unnecessary) oral pretrial motion by the defendant for trial by jury. Accordingly, the judgment is reversed, the finding of guilty is set aside, and the case is remanded to the Superior Court for a trial by jury.

*So ordered.*

*Charles R. Hesser, Jr.,* pro se.
*David G. Eisenstadt,* Assistant District Attorney, for the Commonwealth.