COMMONWEALTH vs. JAMES LANDRY.

Middlesex.    April 14, 1978. — May 31, 1978.

Present: KEVILLE, GOODMAN, & BROWN, JJ.

*Practice, Criminal*, Appeal. *Firearms*.

A firearm identification card obtained in compliance with G. L. c. 140,
    § 129C, does not authorize the holder to "carr[y] on his person or
    under his control in a vehicle, a firearm" under G. L. c. 269, § 10(*a*).
    [405–406]

COMPLAINT received and sworn to in the District Court
of Natick on July 29, 1976.

On appeal to the Superior Court, the case was tried
before *Hayes*, J., a District Court judge sitting under
statutory authority.

*Joseph Stashio* for the defendant.

*Christine M. McEvoy*, Assistant District Attorney, for
the Commonwealth.

GOODMAN, J. The defendant was convicted by a jury of
carrying a revolver in violation of G. L. c. 269, § 10(*a*). His
appeal under G. L. c. 278, § 28, brings us only "matter[s]
of law apparent upon the record." The "record" as used
in that statute does not include the "Agreed Statement of
Facts and Case" filed after the defendant's conviction.
"The word 'record' . . . refers to something already exist-
ing when the appeal is taken." *Harrington* v. *Anderson*,
316 Mass. 187, 191 (1944), cited in *Commonwealth* v. *Ber-
ney*, 353 Mass. 571, 572 (1968). Such an appeal does not
bring up the evidence for review. *Guerin* v. *Common-
wealth*, 337 Mass. 264, 266 (1958). A summary of the
evidence, though agreed to by the parties, stands no bet-
ter; the proper vehicle for such a summary is a bill of
exceptions. However, since the pertinent facts have been

stipulated and the stipulation has been approved by the judge, we deem it appropriate to discuss the substance of the defendant's appeal, as both parties have done. *Commonwealth* v. *Berney, supra.*

The sole contention of the defendant, a Connecticut resident, is that his conviction must be reversed because he had a valid firearm identification card issued to him on or about October 18, 1971, pursuant to G. L. c. 140, § 129B, by the police department of Malden, Massachusetts. The circumstances of its issuance do not appear, but the Commonwealth agrees that it was still in effect on July 29, 1976, the date of the offense charged. The defendant's contention is without merit.

The defendant concedes that he did not have a license to carry a firearm issued pursuant to G. L. c. 140, § 131, or a temporary license issued to "a non-resident," pursuant to G. L. c. 140, § 131F. He therefore does not come within either of the exceptions provided in G. L. c. 269, § 10 (*a*)(1) and (2). He argues, however, that his firearm identification card brings him within the exception provided in G. L. c. 269, § 10 (*a*) (3), as appearing in St. 1975, c. 113, § 2, since it puts him in "compl[iance] with the provisions of section one hundred and twenty-nine C *and* one hundred and thirty-one G of chapter one hundred and forty" (emphasis supplied). He concedes that he is not within the provisions of G. L. c. 140, § 131G, as appearing in St. 1965, c. 86, which allows a nonresident under certain conditions to "carry a pistol or revolver in or through the commonwealth for the purpose of taking part in a pistol or revolver competition . . . or for the purpose of hunting." But he argues that "and" in G. L. c. 269, § 10 (*a*) (3), should be read as "or" so that compliance with G. L. c. 140, § 129C *or* § 131G, is sufficient to permit him to carry a firearm. But a firearm identification card obtained in compliance with G. L. c. 140, § 129C, as appearing in St. 1973, c. 892, § 3, authorizes the holder to "own or possess" a firearm (see *Commonwealth* v. *Bond,* 375 Mass. 201, 210 [1978]); it does not authorize him to

"carr[y] on his person or under his control in a vehicle, a firearm." G. L. c. 269, § 10(a). General Laws c. 140, § 129C (sixth par.), though perhaps somewhat inartistically drawn, indicates the same intent. It is only when compliance with the provisions of G. L. c. 140, § 129C, which "bring into play . . . 'exempted persons and users'" (*Commonwealth* v. *Jones*, 372 Mass. 403, 406 [1977]), is qualified by the narrow scope and purposes of G. L. c. 140, § 131F — of which the defendant cannot avail himself— that an exemption occurs.

On the defendant's argument a firearm identification card would, in all cases, be sufficient to permit a person to carry a handgun without obtaining a license under G. L. c. 140, § 131, although it seems obvious that the Legislature intended to condition the carrying of a firearm on compliance with the licensing requirements which are more stringent than those of G. L. c. 140, § 129B. Thus, § 129B (second par.) provides that persons meeting specified conditions can obtain a firearm identification card as a matter of right and the licensing authority "shall within thirty days from the date of application either approve . . . or deny the application . . . ." However, the issuance of a license under the first paragraph of G. L. c. 140, § 131, as appearing in St. 1972, c. 415, requires a finding that the applicant is a "suitable person" and that he has "good reason to fear injury" or has "any other proper purpose." A more thorough investigation also seems to be contemplated (see second par.). Further, the legislative awareness of a clear distinction between a firearm identification card and a license is manifest from the provisions of G. L. c. 269, § 10 (a) (4), subparagraph (3), which exempts a person having a valid firearm identification card only from the prohibition against carrying "a rifle or shotgun." Cf. *Commonwealth* v. *Grasso*, 375 Mass. 138, 139 (1978).

*Judgment affirmed.*