COMMONWEALTH vs. JOSEPH BLATZ.

Suffolk. February 21, 1980. — April 17, 1980.

Present: GREANEY, PERRETTA, & KASS, JJ.

*Search and Seizure.*

Where two police officers, acting on information that the defendant was trafficking in drugs, approached the defendant on a street corner and thereupon saw manila envelopes of a kind and size they knew were commonly used to package marijuana and angel dust sticking out of his jacket pocket, the officers had probable cause to believe the defendant was then and there committing a felony, to make a further search of his person, and to seize the drugs found thereon. [604-606]

COMPLAINT received and sworn to in the Municipal Court of the West Roxbury District on November 26, 1977.

Upon appeal to the Superior Court, the case was heard by *Nolan, J.*

*Joseph R. Doktor* for the defendant.

*Michael J. Traft,* Assistant District Attorney (*Sharon D. Meyers,* Legal Assistant to the District Attorney, with him) for the Commonwealth.

KASS, J. Convicted under G. L. c. 94C, § 32, for possession of phencyclidine ("angel dust") with intent to distribute that controlled substance, the defendant appeals from the denial of his motion to suppress packages of the drug seized from his person.

After a hearing on the motion to suppress, the motion judge found that two Boston police officers, acting on information that the defendant Blatz was trafficking in drugs, went to the corner of Cummings Highway and Ridlon Road in Mattapan and that one officer, Captain Crocker, talked to the defendant while the other, Detective Solari, watched. Solari noticed manila envelopes of a kind and size he had

come to know are commonly used to package marijuana and angel dust sticking out of Blatz's left jacket pocket. This view of the characteristic envelopes, the judge determined, furnished Solari with probable cause to: believe that Blatz was then and there committing a felony; make a further search of his person; and make an arrest. The search of Blatz yielded twenty-one envelopes of narcotics. There was no error.

Evidence of crime clearly visible to an officer, who has a right to be in a position to see the evidence, may be seized without a warrant and introduced at trial. *Coolidge* v. *New Hampshire*, 403 U.S. 443, 465-470 (1971). *Commonwealth* v. *Walker*, 370 Mass. 548, 557, cert. denied, 429 U.S. 943 (1976).

The officers had a right to be in a position to see the evidence because, having received a tip that Blatz was dealing in narcotics, they were entitled to investigate the tip and to question him. *Terry* v. *Ohio*, 392 U.S. 1, 22 (1968). *Adams* v. *Williams*, 407 U.S. 143, 145-147 (1972). *Commonwealth* v. *Cantalupo*, 380 Mass. 173, 175, 176 (1980).

At the outset of their investigation, Crocker and Solari had no probable cause to make an arrest, to make a warrantless search, to obtain a warrant to search Blatz, or to detain him. This is not such a case as *Commonwealth* v. *Forde*, 367 Mass. 798, 801-803 (1975), where prior investigation had established a basis for securing a search warrant and the exigent circumstances urged by the Commonwealth for invocation of the plain view doctrine appeared contrived. Here the presence of the envelopes of drugs on the person of Blatz could not have been reliably predicted and their discovery was inadvertent. *Coolidge* v. *New Hampshire*, 403 U.S. at 469.

The next question is whether the protruding envelopes were such a tell-tale sign of a felony being committed that the police were entitled to make a warrantless search. An intrusion on the sanctity of a person is not to be undertaken lightly. *Terry* v. *Ohio*, 392 U.S. at 17. "A mere 'hunch' is not enough. Simple good faith on the part of the officer is not enough. The test is an objective one." *Commonwealth*

v. *Silva,* 366 Mass. 402, 406 (1974). *Commonwealth* v. *Cantalupo,* 380 Mass. at 175. In that context Solari's street experience comes into play. He was investigating drug traffic. He had come to know the manner in which drugs were traded at retail. See *Commonwealth* v. *Taglieri,* 378 Mass. 196, 199 (1979), cert. denied, 444 U.S. 937 (1979). *Commonwealth* v. *Lotfy,* 8 Mass. App. Ct. 126, 131-132 (1979). His educated deduction about the significance of the envelopes was buttressed when, in response to a question (prompted by the partially visible envelopes) about what he had in his pocket, Blatz said "nothing" or "a pack of cigarettes." Solari was able to, and did, point to articulable facts which justified his intrusion. *Terry* v. *Ohio,* 392 U.S. at 21. *Commonwealth* v. *Cantalupo,* 380 Mass. at 175. It is also a factor that small quantities of drugs are easily concealed and move quickly to their customers. Delay attendant upon securing a warrant would facilitate removal of the evidence. See *Commonwealth* v. *Haefeli,* 361 Mass. 271, 281 (1972); *Commonwealth* v. *DiSanto,* 8 Mass. App. Ct. 694, 700 (1979).

In these respects the facts of the instant case are different from those in *Haefeli* v. *Chernoff,* 394 F.Supp. 1079 (D. Mass.), rev'd on other grounds, 526 F.2d 1314 (1st Cir. 1975), in which the United States District Court, on a writ of habeas corpus brought by the defendant in *Commonwealth* v. *Haefeli, supra,* took a different view from that taken by the Supreme Judicial Court about the inherently suspicious nature of certain envelopes. There a police officer looked inside a car and, seeing an envelope with checks sticking out an inch, played a hunch that this was a packet of stolen checks. The court found nothing so inherently suspect about the envelope as to warrant application of the plain view doctrine. *Haefeli* v. *Chernoff,* 394 F. Supp. at 1083. The opinion of the Court of Appeals did not reach the question whether the United States District Court was correct in this regard. *Haefeli* v. *Chernoff,* 526 F.2d at 1316 n.6. We do not think, in light of the attendant circumstances, that the envelopes Solari saw could similarly be

described as inherently innocent. Considering what Solari knew about drug traffic and the investigatory business he was about, his judgment of their significance was sensible. *Commonwealth* v. *Bond,* 375 Mass. 201, 209 (1978). Contrast *People* v. *Corrado,* 22 N.Y.2d 308 (1968).

*Judgment affirmed.*