COMMONWEALTH vs. LEO C. MORSE.

Worcester. June 11, 1981. — September 15, 1981.

Present: DREBEN, ROSE, & KASS, JJ.

*Firearms. Pleading, Criminal,* Amendment of complaint. *Practice, Criminal,* Appeal to Superior Court.

The amendment of a complaint charging the defendant with unlawful possession of a firearm to one charging him with unlawful carrying of a firearm was substantive in nature and therefore not authorized by G. L. c. 277, § 35A, as in effect prior to St. 1979, c. 344, § 35. [427-428]

A trial de novo in the Superior Court on appeal from a conviction in the District Court did not cure the improper allowance of an amendment to the complaint in the District Court. [428-429]

COMPLAINT received and sworn to in the First District Court of Southern Worcester on April 10, 1978.

On appeal to the Superior Court, the case was tried before *Garbose,* J., a District Court judge sitting under statutory authority.

*Jane Larmon White* for the defendant.

*William E. Loughlin,* Assistant District Attorney, for the Commonwealth.

ROSE, J. The defendant was convicted on May 31, 1978, by a jury of carrying on his person or under his control in a motor vehicle a firearm in violation of G. L. c. 269, § 10(*a*). The only issue on appeal is the propriety of an amendment made before trial in the District Court to the complaint as originally sworn and signed by the complainant.

On May 1, 1978, the day of the District Court trial, the Commonwealth moved to amend the complaint, as sworn and signed, from charging that the defendant "did knowingly have in his possession a dangerous weapon, to wit, a Ruger .22 automatic, without being properly licensed to do

so" to one which alleged that the defendant "did carry on his person . . . or under his control in a vehicle a firearm." Over the defendant's objection, the amendment was allowed, and the defendant was convicted on the complaint as amended. The defendant appealed to the Superior Court and immediately before trial moved to strike the amendment to the complaint. After a hearing, at which police Officer Blaire (of the town of Dudley), the complainant, testified, the motion was denied.

At trial Blaire testified that as a result of a radio dispatch he had proceeded to a bar located in the town of Dudley, where he spoke with the defendant. In the course of the conversation, Officer Blaire recovered a pistol from the defendant. On cross-examination of Officer Blaire it was established that the defendant had a valid firearm identification card. Officer Barran of the Dudley police department testified similarly.

As in effect at the time of the trial, G. L. c. 277, § 35A,[1] provided that "[u]pon motion of the . . . prosecuting officer, the court may order the complaint or indictment amended in relation to allegations or particulars as to which the defendant would not be prejudiced in his defence." In passing on the constitutionality of the statute, the court in *Commonwealth* v. *Snow*, 269 Mass. 598, 606 (1930), concluded that "§ 35A must be interpreted as authorizing amendments to indictments only as to matters of form and not as to matters of substance . . . . This limitation may also be implied from the words of the statute to the effect that no amendment can be made which would prejudice the defendant in his defence." See *Commonwealth* v. *Bracy*, 313 Mass. 121, 126 (1943). See also *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379 (1981). The amendment here involved was one of substance. General Laws c. 269, § 10(*a*), making unlawful the carrying of a firearm without being properly licensed, and G. L. c. 269, § 10(*h*), making

---

[1] This statute was repealed by St. 1979, c. 344, § 35. See now Mass.R. Crim.P. 4, 378 Mass. 849 (1979).

unlawful the possession of a firearm without a firearm identification card, describe separate and distinct crimes. The former conveys the idea of movement, while the latter is concerned merely with possession. See *Commonwealth* v. *Atencio*, 345 Mass. 627, 631 (1963); *Commonwealth* v. *Morrissey*, 351 Mass. 505, 512 (1967). Moreover, a qualified individual may lawfully possess a firearm if he holds a firearm identification card under G. L. c. 140, § 129B. In order to lawfully carry a firearm, however, an individual must either obtain a license to do so under G. L. c. 140, § 131, or be exempt from the licensing requirements under G. L. c. 140, § 129C, § 131F, or § 131G. *Commonwealth* v. *Seay*, 376 Mass. 735, 739 (1978). See *Commonwealth* v. *Landry*, 6 Mass. App. Ct. 404, 405-406 (1978). Although the Commonwealth concedes the substantive nature of the amendment, it argues that even if the amendment is one of substance, the defendant must prove additionally that he was prejudiced thereby. We disagree. The court in *Commonwealth* v. *Snow*, 269 Mass. at 606, commented as follows: "Construing § 35A as authorizing amendments only with respect to matters of form and those not essential to the description of the crime charged, we are of opinion that it does not contravene the provisions of the Constitution." We conclude that G. L. c. 277, § 35A, as in effect at the time of trial authorized amendments to complaints and indictments only as to matters of form and only where the defendant would not be prejudiced thereby; it proscribed amendments, such as the one here involved, that are "essential to the description of the crime charged." *Id.*

We reject the Commonwealth's final argument that, even if the amendment to the complaint was not authorized in the District Court, the de novo nature of the trial in the Superior Court cured the impropriety and vested in the Superior Court the power to try the defendant on the amended complaint. The original sworn complaint on which the defendant was brought before the District Court (see G. L. c. 263, § 4, as in effect prior to St. 1979, c. 344, § 17) failed to allege the essential elements of the offense for which he

was tried. Although a trial de novo in the Superior Court generally expunges errors which occurred in the District Court, *Enbinder* v. *Commonwealth*, 368 Mass. 214, 217-218, cert. denied, 423 U.S. 1024 (1975); *Commonwealth* v. *Eaton*, 11 Mass. App. Ct. 732, 733 (1981), this does not occur where the fundamental underpinning of the offense charged in the District Court is faulty. The object of an appeal to the Superior Court is to revise the judgment of the inferior court. "But this cannot be done unless the same offence is there tried which was proved and passed upon by the court below. . . . [I]f the government can, on the trial of an appeal, be permitted to abandon the original offence charged, and on which the accused party [was to have been] tried before the magistrate, and substitute another and distinct offence in its place, and support it by proof, it is obvious that the right of appeal, which was intended solely as a benefit and privilege to the party charged, might often be converted into a burden and a snare." *Commonwealth* v. *Blood*, 4 Gray 31, 33 (1855). See, by analogy, *Commonwealth* v. *Andler*, 247 Mass. 580, 581-582 (1924); *Commonwealth* v. *Bracy*, 313 Mass. 121, 124-126 (1943); *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 195-196 (1979). The de novo nature of the Superior Court trial did not cure the defect.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*