COMMONWEALTH vs. DAVID WALKER.

Suffolk.   September 23, 1983. — December 2, 1983.

Present: GREANEY, KAPLAN, & KASS, JJ.

*Search and Seizure,* Arrest, Threshold police inquiry. *Evidence,* Admissions and confessions. *Firearms.*

A criminal defendant who handed over a firearm to a police officer in response to the officer's statement, "I understand you carry a gun," was not entitled to Miranda warnings before the officer made the statement where the officer had a right to arrest the defendant on an outstanding default warrant and to conduct a search incident to the arrest, and where the officer was lawfully entitled to frisk the defendant, as he had reason to believe the defendant was armed, dangerous, and had committed a crime. [183-184]

The judge in a criminal case did not err in denying the defendant's motion to suppress statements made by the defendant to police, despite evidence that the defendant was intoxicated at the time he made the statements. [184]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on October 18, 1982.

On appeal to the jury session of the Boston Municipal Court, motions to suppress evidence were heard by *Feeney,* J., and the case was tried before *Canavan,* J.

*Linda E. Giles* for the defendant.

*John N. Tramontozzi,* Assistant District Attorney, for the Commonwealth.

KASS, J.   From a series of radio dispatches they received on  October 16, 1982, the arresting officers learned that a man in a truck bearing Massachusetts registration A over C 43150 had threatened another man with a firearm; that the truck was registered to David Walker, the defendant, of 21 Algonquin Street, Dorchester; and that there was a default warrant outstanding against the defendant.   The police

proceeded to 21 Algonquin Street and a bystander identified Walker, who was on the street. The officers were then able to follow Walker into 24 Algonquin Street, a rooming house. The officers pursued the sound of voices from the second floor to a room in which there were six or seven men. None, in response to the first officer's (George Travis) question, admitted to knowing David Walker. Officer Travis asked for identifications, "[a]t the same time patting down the occupants of this room for my safety and the safety of my partner . . . [b]ecause I had reason to believe that at least one gun was in that room." When Officer Travis got to the defendant, the latter identified himself as Walker. Officer Travis said, "I understand you carry a gun." Walker removed a 22-calibre Llama semi-automatic pistol from his belt and turned it over to Travis. Thereupon the officer executed the default warrant, arrested Walker, and informed him of his Miranda rights. Subsequently, in the police cruiser, Walker admitted brandishing a gun (in self-defense, he said) at the intersection of Washington Street and Bowdoin Street, Dorchester, earlier that evening. This was the incident which had placed the police on his trail. Walker was convicted and sentenced under G. L. c. 269, § 10(a) (unlawfully carrying a firearm), on the basis of evidence stemming from that incident.

1. Two answers dispose of the defendant's argument that he was entitled to a Miranda warning before Officer Travis challenged Walker with: "I understand you carry a gun." *First*, Travis had probable cause to arrest Walker on the default warrant outstanding against him and to search the defendant incidentally to that arrest. *United States* v. *Robinson*, 414 U.S. 218, 224 (1973). *Commonwealth* v. *Wilbur*, 353 Mass. 376, 379, cert. denied, 390 U.S. 1010 (1967). *Commonwealth* v. *Norris*, 6 Mass. App. Ct. 761, 769 (1978). Here, the police officer's statement was a verbal prelude to the body search which the officer would have been entitled to make, a physical act which the defendant obviated by handing over his firearm. It does not matter that Officer Travis looked for the weapon slightly before the

official arrest in circumstances where "formal arrest followed quickly on the heels of the challenged search of petitioner's person." *Rawlings* v. *Kentucky*, 448 U.S. 98, 111 (1980). See also *Ballou* v. *Commonwealth*, 403 F.2d 982, 984 (1st Cir. 1968), cert. denied, 394 U.S. 909 (1969). *Second*, Travis had excellent reason to believe Walker was armed and dangerous and had committed a crime. The officer was therefore lawfully entitled to frisk the defendant. *Terry* v. *Ohio*, 392 U.S. 1, 30-31 (1968). *Commonwealth* v. *Cantalupo*, 380 Mass. 173, 175 (1980). *Commonwealth* v. *Blatz*, 9 Mass. App. Ct. 603, 604-605 (1980). That Travis used a less intrusive means to accomplish what he could have done with a pat down (pat downs of the other men in the room had produced two knives) does not invalidate seizure of Walker's firearm, especially having in mind that the degree of intrusiveness is a factor in weighing whether a *Terry* v. *Ohio* frisk is within permissible bounds. See *Commonwealth* v. *Silva*, 366 Mass. 402, 407-408 (1974).

2. No error attended the refusal of the motion judge to suppress Walker's post-arrest statements on the ground that he was too drunk to waive his Miranda rights in a knowing and intelligent fashion. Contrast *Commonwealth* v. *Hosey*, 368 Mass. 571, 576-579 (1975). Cross-examination of Officer Travis at the suppression hearing established no more than that the defendant was "drunk" and "pretty loaded." As to the degree of his incapacity, the record lacks material persuasive enough to overcome the deference we accord the judge's apparent finding that the defendant had his wits sufficiently about him. *Commonwealth* v. *Tisserand*, 5 Mass. App. Ct. 383, 388-389 (1977). As in *Commonwealth* v. *Doyle*, 12 Mass. App. Ct. 786, 795 (1981), we find no basis for rejecting "the judge's implicit conclusions that, despite being under the influence of alcohol, [the defendant] retained adequate capacity to understand warnings given him" and intelligently to waive them. See also *Commonwealth* v. *Brady*, 380 Mass. 44, 49 (1980).

3. Other grounds of appeal are susceptible to summary treatment. Once the firearm and Walker's admission that he had carried and brandished it were received in evidence, there was sufficient evidence of unlawful carrying to take the case to a jury. There was no harm in excluding Walker's firearms identification card. That card allowed him to possess a firearm but not to carry one. G. L. c. 140, c. 129C. *Commonwealth* v. *Landry*, 6 Mass. App. Ct. 404, 405-406 (1978). His card gave Walker's address as 21 Algonquin Street; he was arrested with a firearm at 22 or 24 Algonquin Street and charged with carrying a firearm at Washington and Bowdoin Streets. Admission of the card in evidence would have availed Walker nothing. The defense does not even hint at how it might have been harmed by imperfections in the trial transcript (made from a tape recording) or that counsel made any effort to piece together omissions. Defense counsel, who was present throughout the proceedings, did not fulfill the requirement placed upon her by *Commonwealth* v. *Chatman*, 10 Mass. App. Ct. 228, 232 (1980), to articulate claims with reference to which the inadequacy of the record can be judged.

*Judgment affirmed.*