Commonwealth *vs.* Kenneth T. Wood.

Middlesex. April 8, 1986. — July 29, 1986.

Present: Hennessey, C.J., Wilkins, Abrams, Nolan, & O'Connor, JJ.

*Firearms.*

A person who was a "new resident" of the Commonwealth within the mean-
ing of G. L. c. 140, § 129C (*j*), but who was not in compliance with
the provisions of G.L. c. 140, § 131G, at the time of his arrest for
violation of G. L. c. 269, § 10 (*a*), was not entitled to the exemption
set forth in G.L. c. 269, § 10 (*a*) (3), that would allow him to carry a
firearm on his person or under his control in a motor vehicle without a
license. [136-138]

Complaint received and sworn to in the Cambridge Division
of the District Court Department on November 8, 1984.

On appeal to the jury session of that court, a question of
law was reported to the Appeals Court by *Arthur Sherman,* J.
The Supreme Judicial Court transferred the case on its own
initiative.

*Martin C. Gideonse* for the defendant.

*Fredric Lee Ellis,* Assistant District Attorney, for the Com-
monwealth.

Nolan, J. A question was reported to the Appeals Court
from a jury of six session of the District Court pursuant to
Mass. R. Crim. P. 34, 378 Mass. 905 (1979): "Can a person
who possesses and carries a firearm on his person or under his
control in a vehicle without a license be convicted [of violating
G. L. c. 269, § 10 (*a*) (1984 ed.)] where that person is a 'new
resident' within the meaning of G. L. c. 140, § 129C (*j*)?"
We transferred the case to this court on our own motion. We
answer the question, "Yes." The relevant facts are not disputed.

In July, 1984, the defendant left his home in Baton Rouge,
Louisiana, and drove to Massachusetts with the intention of

completing his college education. Along with his other personal belongings, the defendant brought with him a .38 caliber firearm which he had inherited from his grandfather in 1972. The defendant arrived in the Commonwealth on July 18, 1984. Shortly after his arrival, the defendant secured employment and accepted an invitation to stay as a guest at a friend's home in Somerville.[1]

On August 20, 1984, at approximately 3 A.M., the defendant was stopped by the Cambridge police. Under the driver's seat of the defendant's car was the loaded .38 caliber firearm. The firearm was seized and the defendant was arrested. In a complaint on November 8, 1984, the defendant was charged with violating G. L. c. 269, § 10 (*a*).

Pursuant to G. L. c. 218, § 26A (1984 ed.), the defendant waived his right to a first instance jury trial. The defendant was tried on January 24, 1985. He was found guilty, and he received the mandatory minimum one-year sentence required by G. L. c. 269, § 10 (*a*). The defendant thereafter claimed a trial de novo pursuant to G. L. c. 218, § 27A (1984 ed.). That trial has been postponed pending the answer to the reported question.

To carry a firearm lawfully within the Commonwealth, a person must either possess a valid license or qualify for one of the exemptions to the licensing requirements. See *Commonwealth* v. *Seay,* 376 Mass. 735, 739 (1978). See also *Commonwealth* v. *Lindsey,* 396 Mass. 840, 843-845 (1986). In this case, we must determine whether the defendant has satisfied the exemption set forth in G. L. c. 269, § 10 (*a*) (3). This exemption provides a defense to a person charged with unlawfully carrying a firearm, if that person is "complying with the provisions of section one hundred and twenty-nine C and one hundred and thirty-one G of chapter one hundred and forty." G. L. c. 269, § 10 (*a*) (3).

---

[1] The parties have stipulated that the defendant was a "new resident" of the Commonwealth within the meaning of G. L. c. 140, § 129C (*j*) (1984 ed.), at the time of his arrest.

The defendant urges the court to interpret c. 269, § 10 (*a*) (3), so that a defendant who satisfies the provisions of G. L. c. 140, § 129C, is immune from prosecution.[2]

To adopt the defendant's interpretation of the statute would effectively disregard the distinction between the exemptions for the unlawful "possession" of a firearm and the exemptions for the unlawful "carrying" of a firearm. See *Commonwealth* v. *Landry,* 6 Mass. App. Ct. 404, 405-406 (1978).

The individual exemptions set forth in G. L. c. 140, § 129C, refer to those instances in which a person may "own or *possess* [a] firearm, rifle, shotgun or ammunition" without a firearm identification card issued pursuant to G. L. c. 140, § 129B (1984 ed.) (emphasis supplied). The exemptions pertaining to the *carrying* of a firearm are set forth in G. L. c. 269, § 10 (*a*) (1)-(4). The defendant does not meet any of the carrying exemptions.

We acknowledge that the defendant was a "new resident" of the Commonwealth within the meaning of G. L. c. 140, § 129C (*j*), at the time of his arrest. See note 1 *supra.* This status entitled the defendant to own or to *possess* a firearm during his first sixty days in the State, notwithstanding his noncompliance with the ordinary licensing requirements. This exemption does not allow the defendant, however, to "carry" a firearm during this same time period. See G. L. c. 140, § 129C (*j*) (referring to possession).[3]

---

[2] The defendant cites four cases for the proposition that the provisions of G. L. c. 140, § 129C, provide a defense to the charge of unlawfully carrying a firearm under G. L. c. 269, § 10 (*a*). See *Commonwealth* v. *Seay,* 376 Mass. 735, 739 n.2 (1978); *Commonwealth* v. *Morse,* 12 Mass. App. Ct. 426, 428 (1981); *Commonwealth* v. *Lee,* 10 Mass. App. Ct. 518, 520-525 (1980); *Commonwealth* v. *Landry,* 6 Mass. App. Ct. 404, 405-406 (1978). Although the defendant's reading of these cases is plausible, it does not accurately represent the holdings of the courts. In *Commonwealth* v. *Landry, supra* at 405, the Appeals Court explicitly rejected the interpretation of the statute urged by the defendant. See also *Commonwealth* v. *Jones,* 372 Mass. 403, 405-406 (1977) (compliance with the provisions of § 129C and § 131G required).

[3] We recognize that this statute may be thought to apply to a defendant who has been within the Commonwealth for no more than a few hours, en route to his new Massachusetts residence, when he is arrested. Obviously

We next consider the defendant's argument that requiring a person to comply with the provisions of both G. L. c. 140, § 129C and § 131G, essentially eliminates the exemption provided by G. L. c. 269, § 10 (*a*) (3). We note that G. L. c. 140, § 131G, by its own terms, permits the carrying of a firearm. Thus, there is no need to satisfy the provisions of both §§ 129C and 131G of c. 140 in all circumstances. In this case, however, the defendant has only satisfied the exemption for possession. See G. L. c. 140, § 129C (*j*).

The defendant also argues that G. L. c. 140, § 129C, as amended through St. 1984, c. 172 (effective October 7, 1984), represents a "ratification" of his position that G. L. c. 140, § 129C, provides a defense to the charge of carrying a firearm unlawfully under G. L. c. 269, § 10 (*a*).[4] We disagree. The remainder of the statute, which was not changed by the amendment, provides, as we indicated, *supra,* a defense to the charge of the unlawful possession of a firearm, not to the charge of unlawfully carrying a firearm.

Our interpretation of this statute is "consistent with our firm and established view of the prohibitions of § 10 (*a*)." See *Commonwealth* v. *Lindsey,* 396 Mass. 840, 843 (1986).

---

the Legislature intended to protect new residents, but it did so in words which exempt the new resident only as to possession, not carrying. Possession of the firearm within the Commonwealth would ordinarily be preceded by at least a brief carrying of the firearm by the new arrival on the way to his new Massachusetts residence. The Legislature did not intend any exemption where, as in the case before us, the new resident was carrying the loaded gun in his automobile more than one month after he arrived in Massachusetts. The Legislature may wish to address the question whether a new resident in the Commonwealth for only a few hours en route to his new residence should face mandatory imprisonment.

[4] Prior to St. 1984, c. 172, G. L. c. 140, § 129C, as amended through St. 1978, c. 551, § 1, read in part: "Neither the provisions of [§ 129C] nor the possession of a firearm identification card issued under [§ 129B] shall entitle any person to carry a firearm in violation of [c. 269, § 10]." Compare G. L. c. 140, § 129C (1984 ed.): "The possession of a firearm identification card issued under [§ 129B] shall not entitle any person to carry a firearm in violation of [c. 269, § 10]."

The answer to the reported question is, "Yes." The case is remanded to the District Court for proceedings consistent with this opinion.

*So ordered.*