COMMONWEALTH *vs.* BRENDA V. HAMPTON. No. 86-732. July 21, 1988.
*Firearms. License. Search and Seizure,* Arrest.

The defendant waived a jury trial at the jury session of the Boston Municipal Court and was found guilty on two complaints that charged her with (1) larceny of property under $100 in value, and (2) unlawfully carrying a firearm. On appeal, the defendant focuses her attention on the latter charge[1] and raises several issues, none of which has merit.

We summarize the evidence presented by the Commonwealth on the firearm complaint. On October 5, 1981, the defendant filed an application for a license to carry a firearm with the Boston police department. She gave her address as 82 American Legion Highway, Apartment 7, Dorchester. She was issued a license on that date. She was also given literature which stated that she was required to notify the department within ten days of any change of address, in accordance with G. L. c. 140, § 131.

On June 21, 1984, detectives from the Boston police department drug control unit executed a search warrant for controlled substances at the defendant's apartment. She was then living at 68 American Legion Highway, Dorchester. The police seized, in addition to drugs, two firearms, a .38

---

[2] Neither case was cited in the appellate briefs or brought to the attention of the trial judge.

[1] Although the defendant claimed an appeal from both convictions, the appeal as to the larceny conviction is deemed to be waived because of her failure to argue any issue concerning it in her brief. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

caliber pistol and a .357 magnum pistol. They also took the defendant's license to carry firearms from her handbag.

The defendant inquired of one of the police officers why he was seizing her firearms and her license. The officer informed her that she was under arrest for a felony, that he did not consider her a fit person to carry firearms, and that he would be moving through the licensing section of the police department to have her license to carry firearms revoked. The police officer informed the defendant that she no longer had a license to carry firearms. The police officer turned the defendant's license over to an officer of the licensing section to be held pending the outcome of the defendant's trial in Superior Court on drug charges.

Later, the police department determined that the defendant was not a suitable person to hold a license to carry firearms and, on December 6, 1984, sent her a notice suspending the license. The notice was sent by certified mail to 82 American Legion Highway, Apartment 7, Dorchester, the address she had given on her application for the license. The notice was returned, marked "unclaimed," after three attempted deliveries. The police had not received a notice from the defendant of a change of address when she moved from 82 to 68 American Legion Highway or later when she moved to Hyde Park.

On January 21, 1985, the defendant was arrested at a department store for shoplifting.[2] During the course of the arrest, the defendant was asked if she had anything else that belonged to the store. She responded that she did not. The defendant's leather jacket was draped over a chair about two feet from her. One of the security officers checked the jacket and felt a hard object in a pocket. He asked the defendant, "What is this?" to which the defendant responded, "Oh, that's my gun." The security officer then removed from the pocket a .25 Raven automatic pistol with four rounds in the clip and one in the chamber. The defendant was asked if she had a license to carry the firearm. She stated that she did but that because she "was on the run," in fear of her life, she was not carrying it or any other identification on her.[3] The security officer called the licensing section of the Boston police department, was informed that the defendant's license to carry a firearm had been suspended, and then arrested the defendant for unlawfully carrying a firearm.

1. *Denial of motion for required finding of not guilty.* The defendant claims, on appeal, that both knowledge and mens rea are necessary elements of the crime of unlawfully carrying a firearm and that in order to convict her of the crime, the burden was on the Commonwealth to establish beyond a reasonable doubt that she knew that her license had been suspended.

---

[2] That arrest formed the basis of the complaint charging the defendant with larceny of property having a value of less than one hundred dollars.

[3] The security officer found a private detective identification card, driver's license, and other identification material in her handbag.

Under the statute the Commonwealth must prove that the accused knew that she was carrying a firearm. *Commonwealth* v. *Jackson*, 369 Mass. 904, 916 (1976). *Commonwealth* v. *Diaz*, 15 Mass. App. Ct. 469, 471 (1983). *McQuoid* v. *Smith*, 556 F.2d 595, 598 (1st Cir. 1977): However, there is nothing in the statute or case law that states that knowledge of the suspension of the license to carry firearms is an essential element of the crime to be proved by the Commonwealth. In fact, the burden of producing evidence of a valid Massachusetts license when that has been an issue in the case has been placed, by statute, on the person claiming the privilege. G. L. c. 278, § 7.[4] *Commonwealth* v. *Jones*, 372 Mass. 403, 406 (1977). Until such evidence is produced as an affirmative defense, no issue is presented with respect to licensing. *Ibid*. "If such evidence is presented, however, the burden is on the prosecution to persuade the trier of facts beyond a reasonable doubt that the defense does not exist." *Ibid*. Here, on this record, the judge properly denied the defendant's motion for a required finding of not guilty. See *Commonwealth* v. *Walker*, 17 Mass. App. Ct. 182, 185 (1983).

The defendant also argues that "procedural due process" required that she receive actual notice that her license had been suspended. A judge found that she had constructive, if not actual, notice of her suspension on June 21, 1984, when her license was taken from her.

In any event, the defendant prevented the licensing bureau from giving her written notice of her suspension. It is required by statute that a license holder notify certain individuals and authorities of any change of address.[5] Here, there was evidence that the licensing bureau never received any notice from the defendant of a change of address. *Commonwealth* v. *Crosscup*, 369 Mass. 228 (1975), is not to the contrary. In that case, the defendant's correct address was on file with the registrar of motor vehicles.

*2. Restriction as to evidence of the defense of necessity.* The defendant claims that the judge refused to hear any evidence in regard to "justification" or her "necessity" defense. Contrary to the defendant's representations, the judge permitted the defendant to introduce evidence that she was "on the run" and "in fear for her life." The judge properly sustained the prosecutor's objections to questions on this point that called for inadmissible hearsay. None of the evidence introduced by the defendant amounted, as matter of law, to any form or type of defense to the charge on which the defendant was being tried. See *Commonwealth* v. *Lindsey*, 396 Mass. 840, 844-845 (1986).

---

[4] General Laws c. 278, § 7, reads in pertinent part: "A defendant in a criminal prosecution, relying for his justification upon a license, . . . shall prove the same; and, until so proved, the presumption shall be that he is not so authorized."

[5] General Laws c. 140, § 131, as amended through St. 1973, c. 892, § 7, reads in part: "The license holder shall notify, in writing, the authority who issued said license, the chief of police into whose jurisdiction the license holder moves, and the commissioner of public safety of any change in his address."

3. *Denial of suppression motion.* The defendant contends that the motion judge committed error when he denied her motion to suppress the firearm. There is no question that object was discovered in a search incident to a lawful arrest. The defendant, however, argues that G. L. c. 276, § 1, requires the suppression of the firearm. "Section 1 requires the exclusion of evidence (not otherwise admissible) of an unrelated crime found during a search incident to a lawful arrest unless the search was conducted to gather evidence of the first crime or to look for weapons." *Commonwealth* v. *Madera*, 402 Mass. 156, 159 (1988). Here, the record shows that the search was made to remove a weapon. Therefore, the suppression motion was properly denied.

4. *Other issues.* We have examined the other issues raised by the defendant. They are without merit.

*Judgments affirmed.*

*Joan Rines Needleman* for the defendant.
*Abbe L. Ross,* Assistant District Attorney, for the Commonwealth.