COMMONWEALTH *vs.* WILLIAM HOULE.

No. 92-P-1606.

Hampden. September 22, 1993. - November 10, 1993.

Present: BROWN, FINE, & LAURENCE, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Threshold police inquiry.

A person, approached by a police officer while walking on a public street and ordered by the officer to spit out what was in his mouth, was "seized" within the meaning of the Fourth Amendment to the United States Constitution when he complied with the officer's command and spit out several vials of crack cocaine and, although the facts known to the officer may have been sufficient to give rise to a hunch, he did not have a reasonable suspicion, based on articulable facts and inferences, that the defendant was concealing drugs or committing any other crime; consequently, a motion to suppress the crack cocaine seized was erroneously denied. [475-477]

COMPLAINT received and sworn to in the Holyoke Division of the District Court Department on May 4, 1992.

A pretrial motion to suppress evidence was heard by *William B. McDonough*, J., and the case was also heard by him.

The case was submitted on briefs.

*Kim C. Rosen* for the defendant.

*William M. Bennett*, District Attorney, *Judy Zeprun Kalman & Marcia B. Julian*, Assistant District Attorneys, for the Commonwealth.

FINE, J. The defendant, convicted in a District Court of possession of crack cocaine, claims on appeal that his motion to suppress was erroneously denied.

The only witness at the motion hearing, Holyoke police Officer Kevin Thomas, testified as follows. He was in uniform and on routine patrol with his partner in a marked cruiser at approximately 12:30 A.M. on May 2, 1992, in an area known for prostitution and drug activity, when he ob-

served a couple seated in a parked pickup truck. At the time he, observed the couple he was in uniform and, concerned that the female might have been engaged in prostitution, both officers approached the truck. Officer Thomas asked the couple what they were doing. The female responded that they were waiting for "Bill" and, pointing to the defendant who was walking in their direction, she said, "That's Bill, right there." When the defendant reached the area of the truck, Officer Thomas turned to him and asked, "Are you Bill?" The defendant gave a response which the officer couldn't understand. The officer moved toward the defendant. It appeared to the officer that the defendant had something in his mouth. The officer ordered the defendant to "spit it out," whereupon the defendant spit out several vials of crack cocaine. Of the thirty-five to forty drug arrests Officer Thomas had made in the previous two and one-half years, ten to twelve had involved suspects who were concealing crack vials in their mouths.

The judge made no findings of fact.[1] In view of his denial of the motion, we assume that he found the officer's testimony to be credible. Even so, we think the motion to suppress the crack cocaine should have been allowed.

We must first determine at what point, if any, there was a stop or a seizure of the defendant requiring as a justification reasonable suspicion of criminal activity. That depends upon whether or when there was a " 'show of authority' which could be expected to command compliance." *Commonwealth v. Sanchez*, 403 Mass. 640, 644 (1988), quoting from *United States v. West*, 651 F.2d 71, 73 (1st Cir. 1981), vacated on other grounds, 463 U.S. 1201 (1983), cert. denied, 469 U.S. 1188 (1985). Police officers may conduct brief on-the-street inquiries without implicating the Fourth Amendment to the United States Constitution. See *United States v. Mendenhall*, 446 U.S. 544, 555 (1980); *Florida v. Royer*, 460 U.S.

---

[1]Findings of fact and some explanation for the judge's ruling would have been helpful. Findings should be made and the judge's reasoning should be stated whenever a motion to suppress is decided after an evidentiary hearing.

491, 497 (1983); *Commonwealth* v. *Fraser*, 410 Mass. 541, 543-544 (1991). Approaching the defendant and asking him if he was "Bill" was such a brief investigative encounter and not one rising to the level of a stop or seizure. Whether what followed, the order that the defendant spit out what was in his mouth, amounted to a seizure is a close question. Given its source, a uniformed police officer, and the authoritarian language used, the order should reasonably have been expected to command compliance. It was of such a nature that it would reasonably have been regarded as offensive in ordinary social intercourse. See 3 LaFave, Search & Seizure § 9.2(h), at 412 (2d ed. 1987). The result of compliance with the order was an intrusion on the defendant's privacy. The intrusion was not justified by the officer's need for self-protection. See *Commonwealth* v. *Borges*, 395 Mass. 788, 794 (1985). Contrast *Commonwealth* v. *Fraser*, 410 Mass. at 545. In the circumstances, we think the defendant was seized, for purposes of the Fourth Amendment, when he complied with the police officer's command. See, e.g., *Florida* v. *Royer*, 460 U.S. at 501; *Commonwealth* v. *Borges*, 395 Mass. at 791. Contrast *California* v. *Hodari D.*, 499 U.S. 621 (1991).

Although at the moment of the seizure the officer was undoubtedly acting in good faith, he did not have a reasonable suspicion, based on articulable facts and inferences, that the defendant, or, indeed, the couple in the truck, were involved in any type of criminal activity. See *Commonwealth* v. *Bacon*, 381 Mass. 642, 645 (1980); *Commonwealth* v. *Helme*, 399 Mass. 298, 302 (1987); *Commonwealth* v. *Cheek*, 413 Mass. 492, 496 (1992). Only the couple's presence in a high crime area could possibly have raised a question about the propriety of their activities. The defendant was observed walking on a street approaching the pickup truck in an area where, although reputed to be a high crime area, there were other pedestrians on the street. His speech was unintelligible to the officer, and he appeared to have something in his mouth. That appearance could have been caused by the presence of food, chewing gum, tobacco, or a speech defect. It

could also have been, and in fact was, caused by the concealment of vials of cocaine in his mouth. It is true that the officer knew that some drug users did conceal drugs in their mouths. He had no basis in his limited observations, however, for suspecting that the defendant was involved in drug activities. The facts known to the officer may have been sufficient to give rise to a hunch, but, in our view, they did not provide a basis for a reasonable suspicion that the defendant was concealing drugs or committing any other crime.[2]

Accordingly, the judgment is reversed, the finding of guilty is set aside, and judgment is to be entered for the defendant.

*So ordered.*

---

[2]Because we conclude that the officer lacked reasonable suspicion to justify a seizure, we need not reach the defendant's contention that the officer's command constituted a search requiring probable cause, which the Commonwealth concedes was absent.