COMMONWEALTH *vs.* JOEY D. THOMAS. No. 94-P-1553. February 28, 1995. *Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Threshold police inquiry, Plain view, Probable cause. *Controlled Substances*.

The judge correctly ruled that the action of the police in engaging the defendant, whom they knew, in casual conversation was not a stop or seizure requiring justification under the Fourth Amendment to the United States Constitution. *Commonwealth* v. *Fraser*, 410 Mass. 541, 543-544 (1991). *Commonwealth* v. *Houle*, 35 Mass. App. Ct. 474, 475-476 (1993). It is also true, as the judge ruled, that their subsequent order that the defendant spit out the packets of cocaine that he was holding in his mouth was a seizure requiring probable cause. *Id.* at 476. Unlike the *Houle* case, however, the officers here had probable cause, because the plastic packets of white powder, reasonably thought to be cocaine, were plainly visible to the officers as the defendant spoke. This case is controlled, therefore, not

by *Houle*, where the officers knew only that the defendant had *something* in his mouth, but by those cases in which officers find themselves in a vantage, of right, from which they observe contraband in plain view and seize it. Compare *Sullivan* v. *District Ct. of Hampshire*, 384 Mass. 736, 742-743 (1981); *Commonwealth* v. *Blatz*, 9 Mass. App. Ct. 603, 604-605 (1980); *Commonwealth* v. *Skea*, 18 Mass. App. Ct. 685, 688 (1984); *Commonwealth* v. *Rivera*, 27 Mass. App. Ct. 41, 42-43 (1989). See also *Commonwealth* v. *Sabetti*, 411 Mass. 770, 775 (1992). The order allowing the motion to suppress is reversed. The case is remanded to the District Court for further proceedings.

*So ordered.*

*John P. Zanini*, Assistant District Attorney, for the Commonwealth.
*Denis Frauenhofer* for the defendant.