Commonwealth *v.* Souza.

COMMONWEALTH *vs.* DOUGLAS SOUZA.

No. 96-P-329.

Plymouth. November 7, 1996. - February 4, 1997.

Present: BROWN, IRELAND, & LENK, JJ.

*Search and Seizure,* Warrant, Affidavit, Probable cause, Protective frisk. *Constitutional Law,* Search and seizure, Probable cause. *Practice, Criminal,* Complaint, Amendment of indictment or complaint. *Words,* "Any person present."

An affidavit in support of a search warrant failed to demonstrate probable cause to believe that "any person present" would have been involved in the sale of marihuana in a particular apartment, and the search of the person of the defendant, who arrived at the apartment while the search was in progress, who did not fit the description of the alleged occupants and who did nothing to suggest he was engaged in criminal conduct, was not authorized by the general "any person present" language of the warrant [188-191]; moreover, in the circumstances, there was no justification for a protective pat frisk [191-192]: the defendant's motion to suppress evidence should have been granted.

The judge in a criminal case erred in allowing before trial, over the defendant's objection, the Commonwealth's motion to amend a complaint alleging violation of G. L. c. 269, § 10(*b*), so as to allege a violation of G. L. c. 269, § 10(*a*). [192-193]

COMPLAINT received and sworn to in the Wareham Division of the District Court Department on May 18, 1994.

A pretrial motion to suppress evidence was heard by *Richard P. Kelleher,* J., and the case was tried before *James M. Quinn,* J.

*Maxine Sushelsky* for the defendant.

*Kathleen A. Adams,* Assistant District Attorney, for the Commonwealth.

LENK, J. The defendant, Douglas Souza, was tried before a jury and convicted in the Wareham District Court of carrying a dangerous weapon in violation of G. L. c. 269, § 10(*b*), and illegal possession of a class D substance (marihuana) in

violation of G. L. c. 94C, § 34. He was sentenced to a mandatory minimum one year period in a house of correction on the charge of carrying a dangerous weapon and the charge of possession of a class D substance was filed.[1] The defendant appeals both his convictions.

This case arises out of a search of an apartment at 53R Centre Street in Middleborough. The police conducted the search pursuant to a warrant authorizing a search of the designated apartment, the tenant of the apartment, and "any person present" who may be found to have under his control or on his person controlled substances or related materials. During execution of the search warrant, the defendant, a forty-three year old adult male, entered the premises. A State police officer at the scene identified himself to the defendant, pat frisked him, and then searched him.[2] The officer found a small caliber derringer in the defendant's right pocket and marihuana seeds in his left front pocket.

The defendant was initially charged with carrying a dangerous weapon, to wit a handgun, in violation of G. L. c. 269, § 10(*b*), and illegal possession of a class D substance in violation of G. L. c. 94C, § 34. Prior to trial, the trial judge allowed, over the defendant's objection, the Commonwealth's motion to amend the complaint by striking the phrase "§ 10(*b*)" and inserting the phrase "§ 10(*a*)," thereby altering the offense charged from "carrying a dangerous weapon" to "knowingly possessing a firearm." In his final charge, the judge instructed the jury that the defendant was charged with "knowingly possessing a firearm unlawfully," the offense set forth in G. L. c. 269, § 10(*a*). The verdict slip, however, contained the language "carrying a dangerous weapon," thereby describing the offense set forth in G. L. c. 269, § 10(*b*). In open court, the clerk read and the jury assented

---

[1]"Ordinarily, we do not consider appeals from charges placed on file. *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975), but in the interest of efficiency and in a suitable case we may choose to do so." *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986). Here, it is appropriate to consider the filed charge because the defendant's claim that the judge erred in denying his motion to suppress applies to both of the charges of which the defendant was convicted. *Commonwealth* v. *Stracuzzi*, 30 Mass. App. Ct. 161, 162 n.1 (1991).

[2]Police presence during the search included a detective from the State police, officers from the Plymouth County crime prevention and control unit, and officers from the Middleborough police department.

to a verdict of guilty of "carrying a dangerous weapon." Nonetheless, the defendant was sentenced to the house of correction for the mandatory one-year period required by G. L. c. 269, § 10(*a*). Section 10(*b*) does not provide for a mandatory sentence upon conviction.

The defendant raises several arguments on appeal. He claims that neither the "any person present" language of the search warrant nor a self-protective pat-frisk by police justify the search conducted of him and that it was consequently error to deny his motion to suppress the fruits of that search. The defendant also claims that the trial judge erred in amending the complaint over his objection, in denying his motion for a required finding of not guilty, and in failing to instruct the jurors that the Commonwealth had to prove that the defendant possessed the firearm outside his residence or place of business. The defendant further claims that it was error for the judge to have sentenced him for a crime neither reflected on the verdict slip nor in the jury verdict given and assented to in open court.

*The search warrant.* The defendant contends that the search of his person pursuant to the "any person present" language of the warrant violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, art. 14 of the Massachusetts Declaration of Rights, and G. L. c. 276, § 1. The defendant argues that the facts stated in the affidavit do not provide a basis for the "any person present" language and that, as applied to him, the search warrant was constitutionally defective as a general warrant. The warrant, affidavit, and circumstances fail to support the pat-frisk and search of his person, the defendant claims, because he entered the premises while the search was in progress, did not fit the description of the alleged occupants or marihuana purchasers described in the affidavit, and did nothing to suggest that he was armed or engaged in criminal conduct. We agree and reverse on this basis.

The affidavit here describes information obtained from a confidential informant who advised the affiant that he observed a man in his twenties selling marihuana on a regular basis to Middleborough junior and senior high school students. The police conducted two controlled buys through the informant who purchased marihuana at the subject premises. We note as an initial matter that the affidavit in support of

the application for a search warrant did not request a search of all persons present although the warrant issued permits such a search.

Appellate review of a search based exclusively upon the "any person present" language of a search warrant demands strict scrutiny of the warrant's supporting affidavit in order to determine whether the search was valid. *Commonwealth* v. *Smith,* 370 Mass. 335, 344, cert. denied, 429 U.S. 944 (1976). Only in special circumstances will a search warrant aimed principally at the premises also be held validly to include the search of any person present. See *Commonwealth* v. *Baharoian,* 25 Mass. App. Ct. 35, 38, 40 (1987) ("Any person present language" in otherwise valid warrant did not empower the police to search persons in the store not named or described in the warrant where there was no "reasonable basis for anticipating that everyone present" was engaged in the illegal gaming operations). Only a "narrowly circumscribed range of searches," based upon "any person present" language, are consistent with the Fourth Amendment. *Smith,* 370 Mass. at 342. See also *Commonwealth* v. *Pellier,* 362 Mass. 621, 625 n.3 (1972) (any persons present clause "lacks specificity and is of dubious meaning").

In *Smith,* the court upheld a search of the defendant pursuant to "any person present" language where the affidavit sufficiently established probable cause to believe that any person in the apartment was a participant in the illegal transactions (trafficking in heroin) occurring therein. 370 Mass. at 339. Using the guidelines set forth in *People* v. *Nieves,* 36 N.Y.2d 396, 404-405 (1975), *Smith* concluded that an application for this type of warrant must (a) "carefully delineate the character of the premises, for example, its location, size, the particular area to be searched, means of access, neighborhood, its public or private character and any other relevant fact"; and (b) "specifically describe the nature of the illegal activity . . . [alleged] at the location, the number and behavior of persons observed . . . during the times of day or night [for which] the warrant is sought," and "whether any person apparently unconnected with the illegal activity has been seen at the premises." 370 Mass. at 345. Further, "the warrant itself must limit the locus of the search to the area in which the criminal activity is believed to [occur] and, according to the circumstances, may also specify the time for the

search." *Id.* at 345-346. It is also appropriate to consider the need for and purpose of this kind of search, taking into account both the difficulty of providing a more specific description of the persons to be searched as well as the risk that an innocent person may be swept up in a dragnet and searched. *Id.* at 345. The affidavit supporting the search of the defendant's person is of insufficient particularity to satisfy this standard.

The sufficiency of a warrant to search persons identified only by their presence at a specified place will depend upon the facts. We are unaware of any Massachusetts appellate authority on the subject of "any person present" searches which rests upon factual circumstances comparable to those before us, i.e., the premises searched are a private residence and the defendant is a nonoccupant who arrives and enters the premises during the execution of the warrant. Looking to other jurisdictions is therefore instructive.

In *State* v. *Reid*, 319 Or. 65, 71 (1994), there was no showing in the affidavit that access to a private residence was limited exclusively to persons as to whom there was probable cause to believe were engaged in criminal activity, and the warrant was deemed unlawful insofar as it purported to authorize the search of "persons present." In so holding, the Oregon Supreme Court noted that "persons who might reasonably be expected to be found approaching the front door of a residence include a uniformed mail carrier or package delivery person, a volunteer soliciting donations for charitable purposes, or a neighbor seeking to borrow a cup of sugar" and thus, the search authorized by the warrant was overbroad. *Ibid.* Similarly, a search warrant for a specified residence and all its occupants based only on an informant's having seen and bought drugs there, was held invalid for lack of probable cause as to a nonoccupant who was found in the residence at the time of the warrant execution. *State* v. *Ortega*, 114 N.M. 193, 197 (1992), aff'd, 117 N.M. 160, 163 (1994). See also *State* v. *Pecha*, 225 Neb. 673, 676, 678 (1987) (warrant for a premises and "John and/or Jane Doe who resides or is in control of the aforedescribed premises," intended as a "catch-all for anybody that might be inside the residence," was invalid as not based on probable cause where the premises to be searched was acknowledged to be a residence at which persons engaging in both illegal activity and legal activity might be found).

The affidavit in the matter before us is silent as to any surveillance of the apartment by the police and as to whether any person apparently unconnected with the illegal activity had been seen at the premises. There is nothing to suggest that the participants shifted or changed in such a way as to render it practically impossible for the police to predict that any specific person or persons will be on the premises at any given time.[3] In light of this, the underlying circumstances failed to demonstrate probable cause to believe that all persons present would have been involved in the sale and distribution of marijuana. The attendant risk of searching an innocent person was great and the warrant is constitutionally defective as to the defendant.

*Protective pat-frisk.* The Commonwealth suggests that the search was nonetheless justified by the need to protect the officer's safety. In order to justify a pat-frisk for self-protection, there must not only be a prior determination that criminal activity may be underway, but also a second determination that the persons with whom the police are dealing may be armed and presently dangerous.[4] See *Commonwealth* v. *Fraser,* 410 Mass. 541, 544-545 n.4 (1991). A protective search may also be justified by a suspect's furtive reactions or belligerent behavior. See *Commonwealth* v. *Santiago,* 30 Mass. App. Ct. 207, 210-211 (1991) (when police approached vehicle, suspect jumped abruptly from the car and ducked).

The defendant was cooperative and polite while on the premises, not presenting a risk of harm to the officers in any way. There was nothing of record to suggest that he was armed or dangerous. To the contrary, State Police Lieutenant Gordan testified at trial that the defendant acted like a gentle-

---

[3]The police were specifically trying to uncover a drug sale operation targeted at junior and senior high school students. Nowhere in the police affidavit is there an allegation that the suspected dealers are selling to other members of the community as well. If alleged, such information would be more likely to support the search of an individual such as the defendant, clearly not young enough to be in high school, who enters the premises during the execution of the search warrant.

[4]In *Ybarra* v. *Illinois,* 444 U.S. 85 (1979), the majority ruled that the " 'narrow scope' of the *Terry* exception does not permit a frisk for weapons on less than reasonable belief or suspicion directed at the person to be frisked" that weapons are then in the possession of the person detained, "even though that person happens to be on premises where an authorized narcotics search is taking place."

man at all times. If concerned for their safety or to ensure the proper execution of the search warrant, the officers could have secured the premises and prohibited persons from entering to insure the proper execution of the search warrant. See *Commonwealth* v. *Snow*, 363 Mass. 778, 789 (1973). It would appear that the police were present in sufficient numbers to have secured the premises and prohibited entry during execution of the search warrant had the officers chosen to do so. Since Lieutenant Gordan's search of the defendant was not justified either by the search warrant or by the officer's need to conduct a protective search, the items seized pursuant to that search must be suppressed.

*Amendment of complaint.* Even if the search of the defendant were justified by either the warrant or the police officer's safety concerns, the defendant's conviction under G. L. c. 269, § 10(*a*), would still require reversal. The defendant claims that the trial judge erred in allowing the Commonwealth's motion to amend the complaint over his objection, thereby denying him due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. The complaint was amended from one charging him with unlawful carrying of a dangerous weapon in violation of G. L. c. 269, § 10(*b*), to one charging him with unlawful possession of a firearm in violation of G. L. c. 269, § 10(*a*). It was error to allow this amendment.

Massachusetts Rules of Criminal Procedure 4(d), 378 Mass. 849 (1979), permits a complaint to be amended only with respect to matters of form if such amendment would not prejudice the defendant[5] or the Commonwealth. The defendant is prejudiced where the amendment materially alters the substantive offense charged and such amendments are consequently barred. See Mass.R.Crim.P. 4(d); Reporters' Notes to Mass.R.Crim.P. 4(d), Mass. Ann. Laws, Rules of Criminal Procedure at 38 (Law. Co-op. 1979). The test to determine whether an amendment is one of substance or one of form is whether an acquittal on the original charge would

---

[5]Prejudice to the defendant could result if, for example, a greater penalty attached to the amended charge or if the amendment resulted in surprise to the defendant at trial. Here, conviction under § 10(*a*) will result in a mandatory minimum sentence of one year. Conviction under § 10(*b*) will not result in a mandatory minimum prison sentence.

not act as a bar on double jeopardy grounds to a prosecution of the defendant on the amended charges. *Commonwealth* v. *Murphy*, 415 Mass. 161, 165 (1993). If so, the amendment would be deemed one of substance rather than of form. *Ibid.*

General Laws c. 269, § 10(*b*), is a separate and distinct offense from G. L. c. 269, § 10(*a*). Section 10(*b*) proscribes the carrying of a dangerous weapon other than those mentioned in § 10(*a*). Section 10(*a*) proscribes the unlawful possession of a firearm, rifle, or shotgun. Thus, the defendant, who was found carrying a firearm, could be acquitted of G. L. c. 269, § 10(*b*), which does not cover firearms, rifles, or shotguns, and still be prosecuted for a violation of § 10(*a*). For this reason, the amendment at issue is one of substance, not of form, and it was error to amend the complaint in this regard. See *Commonwealth* v. *Morse*, 12 Mass. App. Ct. 426, 427-428 (1981) (decided under an earlier version of the statute).

In view of our disposition of these claims, we need not address the defendant's remaining claims of error. The defendant's convictions of possession of a class D substance (marihuana) and of carrying a dangerous weapon are accordingly reversed.

*Judgments reversed.*

*Verdicts set aside.*