COMMONWEALTH vs. ALEXANDER PEREZ.

No. 06-P-643.

Worcester. December 6, 2006. - February 20, 2007.

Present: Cypher, Smith, & Katzmann, JJ.

*Search and Seizure,* Warrant, Affidavit, Probable cause. *Probable Cause.*
*Constitutional Law,* Search and seizure. *Words,* "Any person present."

In a criminal case involving drug charges, the judge properly denied the
defendant's motion to suppress evidence seized from the defendant's
person when he arrived at the residence of another during a police search
of the premises, where there was sufficient evidence to support the inclu-
sion of "any person present" in the language of the search warrant
[283-285], and where the defendant shared a like relationship with the
premises, given that any person present would have been involved with the
criminal activity taking place there, and accordingly could be searched in
these circumstances [285-286].

INDICTMENT found and returned in the Superior Court Depart-
ment on March 3, 2004.

A pretrial motion to suppress evidence was heard by *Timothy
S. Hillman,* J., and the case was heard by him.

*David J. Fried* for the defendant.

*Robert J. Bender,* Assistant District Attorney, for the
Commonwealth.

SMITH, J. The defendant was charged in an indictment with
possession of cocaine with intent to distribute in violation of
G. L. c. 94C, § 32A(*a*). The defendant's motion to suppress
evidence seized as a result of a search of his person was denied
after an evidentiary hearing. The defendant was found guilty
after a jury-waived trial. On appeal, the defendant claims that
the motion judge committed error in denying his suppression
motion.

This matter arose out of a search of a single-family home in
Leominster occupied by Michael Syria. The object of the search

was marijuana, drug paraphernalia, and other drug-related items. The search was conducted pursuant to a warrant that commanded the police to search the home, curtilage, the person of Syria, and "any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered."[1]

On appeal, the defendant argues the motion judge committed error in denying his suppression motion because (1) there was no basis for the warrant to contain an authorization to search "any person present"; (2) the defendant was not a "person present" at the time of the execution of the warrant; (3) the search of the defendant occurred after the execution of the warrant; and (4) in any event, there was no independent probable cause for the police to search the defendant.

The motion judge held a hearing on the defendant's suppression motion, at which the police officer who applied for the warrant (the affiant) and Syria (the target of the warrant) testified. After the hearing, the motion judge issued a memorandum of decision that contained, among other things, his findings of fact.[2]

Because the first issue involves only interpretation of the law, we reserve reciting the facts that the motion judge found until we discuss the other issues raised by the defendant.

1. *"Any person present" portion of the search warrant.* The defendant concedes that there was sufficient evidence presented to the clerk-magistrate for the issuance of the search warrant.[3] The defendant claims, however, that there was not sufficient

---

[1]The affidavit supporting the application for a search warrant specifically requested that the warrant authorize search of "all persons present." Contrast *Commonwealth* v. *Souza*, 42 Mass. App. Ct. 186, 189 (1997).

[2]At oral argument, appellate counsel for the defendant invited the panel to examine and compare the testimony of the affiant given at the probable cause hearing with his testimony given at the suppression hearing, claiming that there were inconsistencies. We reject the invitation.

The motion judge's assessment of the affiant's credibility is within his province, not ours. See *Commonwealth* v. *Quezada*, 67 Mass. App. Ct. 693, 694 (2006). Our function is to determine whether the suppression motion was properly decided, not to search in the transcripts for possible inconsistencies. See *id.* at 694-695.

[3]The affidavit in support of the issuance of the search warrant states that there were two controlled purchases made by a confidential informer at the

evidence presented in the affidavit to authorize the police to search "any person present."

In *Commonwealth* v. *Smith*, 370 Mass. 335, 344, cert. denied, 429 U.S. 944 (1976), the Supreme Judicial Court stated that "[a]n affidavit in support of a [search] warrant which seeks to authorize a search of 'any person present' is to be strictly scrutinized. It can only be valid where the underlying circumstances presented to the issuing judge or clerk clearly demonstrate probable cause to search the named premises and to believe that all persons present are involved in the criminal activity afoot."[4]

In order to establish probable cause for the issuance of an "any person present" warrant, certain facts are of particular relevance: "the premises or area to be searched are small, confined and private; the nature of the criminal activity is such that the participants (in general) constantly shift or change so that it is, practically, impossible for the police to predict that any specific person or persons will be on the premises at any given time; and the items specifically described in the warrant as the target of the search are of a size or kind which renders them easily and likely to be concealed on the person" (footnote omitted). *Id.* at 345.

In the present matter, the affidavit established that the subject premises was a private, single-family dwelling and its curtilage.[5] Through a confidential informer, the affiant conducted two suc-

premises. During the controlled purchases, a "Spanish" male handed marijuana to a "white" male named "Mike," who, in turn, gave it to the informer.

The controlled purchases were corroborated by surveillance by the affiant of the premises. The affiant observed a large number of persons, some known to the affiant as having prior drug convictions, enter the home, stay for a short time (five minutes or less), and then leave. In the affiant's considerable experience in investigating narcotic violations, the behavior of these individuals was consistent with the distribution of narcotics on the premises.

[4]In *Commonwealth* v. *Smith*, *supra* at 343, the affidavit stated that an informant had been inside the apartment to be searched on two occasions within ten days prior to the signing of the affidavit and saw the occupant selling heroin to other persons present, and that the police, in periodic surveillance of the premises, observed persons, known to them to traffic in heroin, entering and leaving the apartment. The court held that the affidavit established probable cause for the search of any person present. *Id.* at 344.

[5]Compare *Commonwealth* v. *Baharoian*, 25 Mass. App. Ct. 35, 38-40 (1987), where this court ruled that a search warrant issued for the search of a

cessful controlled purchases of marijuana on the premises involving the occupant and another male. In addition, the affiant observed a large number of individuals, some known to the affiant as having drug convictions, entering the premises and staying only a short time (five minutes or less, with some leaving their car motors running), conduct which was consistent with the distribution of narcotics. Finally, some of the items sought in the search warrant, e.g., marijuana, could be easily concealed on the person or persons present.

We therefore hold that there was sufficient evidence presented to the clerk-magistrate to support the inclusion of "any person present" language in the search warrant. Contrast *Commonwealth* v. *Brown, ante* 261, 267 (2007).

2. *The defendant's claim that he was not "present."* The defendant, citing *Commonwealth* v. *Souza*, 42 Mass. App. Ct. 186, 188-191 (1997), argues that because he arrived at the premises after the police arrived and began their search, he could not be searched under the "any person present" authorization in the warrant.[6] According to the defendant, *Souza* holds that a search of a nonoccupant who arrives and enters the premises during a police search is improper under a warrant authorizing the search of "any person present." We disagree.

In *Souza*, this court reversed the convictions not because the defendant arrived during the search, but because the affidavit in support of the warrant failed to demonstrate probable cause to believe that "any person present" would have been involved in the sale of marijuana on the subject premises. *Id.* at 191. There was nothing in the affidavit in *Souza* to suggest that "the participants shifted or changed in such a way as to render it practically impossible for the police to predict that any specific person or persons [would] be on the premises at any given time" (footnote omitted). *Ibid.* In the present matter, because we hold that all the relevant *Smith* factors were established in the af-

variety store for illegal gaming operation could not authorize the search of any person present on the premises, because the store was a public place and the magistrate could not reasonably anticipate that everyone present in the store was engaging in the unlawful activity.

[6]The defendant also claimed that the search was over when he arrived and, therefore, the police had no authority to search him. The motion judge specifically credited the testimony given at the suppression hearing that the defendant arrived *during* the search, not after the search was over.

fidavit to support authorization in the warrant to search "any person present," *Souza* is not controlling.

Our analysis does not stop here, however, because we must address the issue raised by the defendant. The motion judge found as fact, supported by the evidence, that the defendant arrived at the premises during the police search, knocked on the door, attempted to enter, and when he saw the police, attempted to leave. The police stopped the defendant, searched him, found cocaine on his person, and placed him under arrest.[7]

Here, the affidavit supporting the warrant was sufficient to demonstrate probable cause to search "any person present" because any person present would have been involved with the criminal activity taking place on the premises. Based on the facts in the affidavit, we hold that the defendant, arriving at the premises during a police search, shared a like relationship with the premises and, therefore, could be searched in these circumstances.[8]

*Judgment affirmed.*

---

[7]The defendant also argues that he was never on the premises when he was searched. Based on his findings of fact, the motion judge ruled that the defendant was indeed on the premises. We agree with the judge's ruling as it was amply supported by the evidence.

[8]The Commonwealth argues that the police had independent probable cause to search the defendant because the motion judge made a finding, supported by the evidence, that Syria informed the police during the search that an individual would soon be arriving with cocaine. Several minutes later, the defendant arrived. Because we hold that the police could search the defendant under the warrant, we need not discuss the point raised by the Commonwealth.