COMMONWEALTH *vs.* MATTHEW J. MCGILVERY.[1]

No. 08-P-1878.

Suffolk. April 2, 2009. - June 26, 2009.

Present: VUONO, MEADE, & FECTEAU, JJ.

*Practice, Criminal,* Amendment of indictment or complaint. *Judicial Estoppel. Controlled Substances.*

At the trial of a complaint charging the defendant with possession of a class A controlled substance, the judge erred when, following the close of the evidence, she allowed the Commonwealth to amend the complaint to possession of a class B controlled substance and denied the defendant's motion for a required finding of not guilty, where the doctrine of judicial estoppel barred the Commonwealth, which had successfully taken a position in prior proceedings agreeing that the amendment was one of substance, from arguing on appeal that the amendment was one of form and therefore permissible [509-510]; and where the amendment was in fact one of substance, given that the particular controlled substance alleged was an essential element of the offense for the Commonwealth to prove; that different penalties attached to possession to each class of controlled substances; and that possession of a class B substance was not a lesser included offense of possession of a class A substance [510-512]; therefore, without reaching the question whether the amendment caused prejudice to the defendant, this court reversed the judgment on the complaint, as amended, charging possession of a class B controlled substance [512-513].

COMPLAINT received and sworn to in the South Boston Division of the Boston Municipal Court Department on July 30, 2007.

The case was heard by *Annette Forde,* J.

*Adriana Contartese* for the defendant.

*Helle Sachse,* Assistant District Attorney, for the Commonwealth.

FECTEAU, J. The defendant was convicted of possession of a class B controlled substance following a bench trial in the Boston

---

[1]We take the spelling of the defendant's name as it appears in the complaint.

Municipal Court.[2] On appeal, he contends that the judge erred when, following the close of the evidence, she allowed the Commonwealth's motion to amend the complaint from its original charge of possession of a class A controlled substance to possession of a class B controlled substance. See G. L. c. 94C, §§ 31, 34. He also complains that the judge erred when denying his motion for a required finding of not guilty at the conclusion of the Commonwealth's case for the same reason, namely, that the evidence presented did not support the original charge.[3] We reverse the judgment on the controlled substance conviction.

As a result of a motor vehicle stop,[4] the defendant was arrested for possession of a class A controlled substance. At trial, the certificate of drug analysis showed that the controlled substance found in the car was Oxycodone, an opium derivative within class B of the schedule of controlled substances, not class A. This evidence was available prior to the commencement of trial. After the Commonwealth presented its case, the defendant moved for a required finding of not guilty, which was denied. Presenting no evidence in his defense, the defendant renewed his motion for a required finding, which was again denied. After completion of final arguments, the defendant raised the variance between the evidence and the charge, which prompted the Commonwealth to move to amend the complaint to conform the complaint to the evidence. The judge allowed the motion over the defendant's objection finding that the amendment was one of form and not substance and therefore permissible under Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979). The defendant was thereafter convicted.

We first determine that the doctrine of judicial estoppel bars the Commonwealth from arguing that the amendment was one of form not substance. "Judicial estoppel, which applies equally to civil and criminal proceedings, 'is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another

---

[2]The defendant was also charged and convicted of operating after suspension of license and found responsible on two motor vehicle civil infractions. As the defendant argues error only with respect to the controlled substance conviction, we affirm the other judgments.

[3]Given the result we reach, there is no need to discuss this issue.

[4]The defendant does not contest the legitimacy of the officer's stop of his vehicle.

proceeding.' *Otis* v. *Arbella Mut. Ins. Co.*, 443 Mass. 634, 639-640 (2005), quoting from *Blanchette* v. *School Comm. of Westwood*, 427 Mass. 176, 184 (1998)." *Commonwealth* v. *Gardner*, 67 Mass. App. Ct. 744, 747 (2006). The doctrine has two elements. "First, the position being asserted in the litigation must be 'directly inconsistent, meaning 'mutually exclusive' of, the position asserted in a prior proceeding." *Otis* v. *Arbella Mut. Ins. Co., supra* at 640-641, quoting from *Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004). "Second, the party must have succeeded in convincing the court to accept its prior position." *Otis* v. *Arbella Mut. Ins. Co., supra* at 641.[5]

Here, both of these elements were satisfied. In proceedings on two motions prior to this appeal, the Commonwealth took a position agreeing that the amendment to the complaint was one of substance. The Commonwealth first took this position before a single justice of this court in response to the defendant's motion for a stay of execution of sentence. The single justice accepted that position and allowed the motion in pertinent part on June 26, 2008. Then, before the trial judge, the Commonwealth and the defendant jointly moved to vacate the conviction on the ground that "the amendment of the complaint was an improper amendment of substance." Although the trial judge ultimately denied the motion on October 9, 2008, these circumstances, including the favorable action of the single justice, persuade us to apply judicial estoppel and bar the Commonwealth from now arguing that the amendment was one of form.

However, even if it were not barred by judicial estoppel, the Commonwealth's argument would fail. The amendment that the Commonwealth obtained at the close of all the evidence to change the complaint from one that alleged possession of a class A substance, "to wit: heroin," to one alleging possession of a class B substance, namely, Oxycodone, was one of substance. Allow-

---

[5]"Some courts have also recognized a third factor, namely, 'whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.' *New Hampshire* v. *Maine*, [532 U.S. 742, 751 (2001),] and cases cited. However, as a practical matter, where the first two components have been satisfied, this third factor is virtually certain to be present, as judicial acceptance of a party's position will ordinarily redound to the benefit of that party." *Otis* v. *Arbella Mut. Ins. Co.*, 443 Mass. at 641.

ance of the amendment was therefore error under Mass.R.Crim.P. 4(d). Notwithstanding that the offenses are both found within the same statute, namely, G. L. c. 94C, § 34, they are separate offenses, with separate penalties, and not simply different versions of the same offense. We review several considerations.

The particular controlled substance alleged in the complaint is an essential element of the offense for the Commonwealth to prove. See *Commonwealth* v. *Dawson*, 399 Mass. 465 (1987); Criminal Model Jury Instructions for Use in the District Court, Instruction 7.800 (2009) ("It is your duty to determine whether or not the material in question is in fact"). Contrast *Commonwealth* v. *Knight*, 437 Mass. 487, 492-493 (2002). Further, in controlled substance prosecutions the Commonwealth must prove that a substance is a particular drug either by chemical analysis or by circumstantial evidence. See *Commonwealth* v. *Dawson*, *supra* at 467.

Notwithstanding the fact that the offenses appear in the same statute, the amendment was also of substance because of the different penalties attached to possession of each class of controlled substances. In particular, possession of heroin is punishable by incarceration for up to two years or a fine of up to two thousand dollars or both, while for possession of Oxycodone, the maximum penalty is one year or a fine of up to one thousand dollars or both. G. L. c. 94C, § 34. The difference in penalties increases when subsequent offenses are charged. Possession of heroin as a second or subsequent offense becomes a felony with a substantially higher range of penalties, while possession of Oxycodone as a second or subsequent offense remains a misdemeanor with the same range of penalties as for a first offense. *Ibid.* Therefore, because the penalty depends upon the class of controlled substance possessed, and the class of controlled substance is an element which a fact finder must decide, possession of a class A drug, here originally charged as heroin, must be considered as a separate offense from that of possession of a class B drug, such as Oxycodone. *Commonwealth* v. *Chavis*, 415 Mass. 703, 709 n.9 (1993) (The Legislature imposed "different penalties . . . on both first and repeat offenders depending on which class of controlled substances their offenses involve. Such disparate sentences embody the legislative judgment differentiating certain classes of

controlled substances as more detrimental to the mind or the body than others").

Moreover, "the test to determine whether an amendment is one of substance or one of form is whether an acquittal on the original charge would not act as a bar on double jeopardy grounds to a prosecution of the defendant on the amended charges." *Commonwealth* v. *Souza*, 42 Mass. App. Ct. 186, 192-193 (1997), citing *Commonwealth* v. *Murphy*, 415 Mass. 161, 165 (1993). In *Souza, supra*, the court held that an amendment to a complaint was one of substance. The defendant was originally charged for carrying a dangerous weapon in violation of G. L. c. 269, § 10(*b*), and the complaint was amended to charge unlawful possession of a firearm, rifle, or shotgun under § 10(*a*). The court reasoned that "the defendant, who was found carrying a firearm, could be acquitted of G. L. c. 269, § 10(*b*), which does not cover firearms, rifles, or shotguns, and still be prosecuted for a violation of § 10(*a*)." *Id.* at 193.

Here, the Commonwealth also concedes, and we agree, that possession of a class B substance is not a lesser included offense of possession of a class A substance. Therefore, acquittal on the latter charge would not bar prosecution on the former charge.[6] See *Commonwealth* v. *Balliro*, 385 Mass. 618, 619 (1982) (Commonwealth conceded that amendment was "of substance and not form" when, in a case involving complaints charging motor vehicle homicide and operation under the influence of alcohol, it tried to replace references to "intoxicating liquor" with "narcotics or depressants").

The Commonwealth contends that the defendant was not prejudiced because the range of criminal sanctions was less severe under the amended complaint and the defendant had notice of the error. Indeed, as expressed by the trial judge, the defendant was not surprised but appeared to have lain in wait for jeopardy to attach, and raised the variance between the allegation and the evidence only upon the completion of the case. However, we do

---

[6]The defendant's trial counsel objected to the amendment and preserved the issue for review. Contrast *Commonwealth* v. *Bynoe*, 49 Mass. App. Ct. 687, 691 (2000) (judge erred when instructing the jury on an uncharged offense that was not a lesser included offense; however, there was no substantial risk of a miscarriage of justice).

not reach the question whether there was prejudice to the defendant because the amendment was of substance and not form. *Commonwealth* v. *Snow*, 269 Mass. 598, 606 (1930). *Commonwealth* v. *Morse*, 12 Mass. App. Ct. 426, 428 (1981). Contrast *Commonwealth* v. *Knight*, 437 Mass. at 491-492.

The judgment on the complaint, as amended, charging possession of a class B controlled substance is reversed and the finding is set aside.[7] The order allowing the amendment of the complaint is reversed. The remaining judgments are affirmed.

*So ordered.*

---

[7]Given our discussion, since the amendment was one of substance trial upon the proper charge is not barred.