## Commonwealth *vs.* Peter Damelio.[1]

No. 11-P-39.

Suffolk. October 11, 2012. - December 14, 2012.

Present: Graham, Vuono, & Hanlon, JJ.

*Controlled Substances. Practice, Criminal,* Motion to suppress, Required Finding. *Search and Seizure,* Reasonable suspicion. *Constitutional Law,* Search and seizure, Reasonable suspicion, Investigatory stop. *Evidence,* Qualification of expert witness. *Witness,* Expert.

A judge of the Boston Municipal Court Department properly denied a criminal defendant's pretrial motion to suppress physical evidence he dropped and statements he made on being approached by police, where the approach did not impinge on any constitutionally protected interest of the defendant, in that the police officers were in plain clothes on a public street, identified themselves with badges, and neither displayed any weapons nor engaged in hostile or aggressive actions; and where the statements were made spontaneously and not in response to questioning or while in custody. [33-36]

At the trial of a complaint charging, inter alia, possession with intent to distribute marijuana, a class D substance, the judge did not err in allowing opinion testimony from a police officer on the composition and weight of a substance alleged to be marijuana, where such testimony was based on objective criteria and sufficient training and experience [36-38]; further, the evidence was sufficient to sustain the defendant's conviction on the lesser included offense of possession of more than one ounce of marijuana based on circumstantial evidence and testimony presented by the Commonwealth, the judge's assessment as trier of fact as to the weight of the physical evidence, and the defendant's voluntary admission to police that a bag he dropped contained one-quarter pound of marijuana [38-39].

Complaint received and sworn to in the South Boston Division of the Boston Municipal Court Department on July 13, 2009.

A pretrial motion to suppress evidence was heard by *Mary Ann Driscoll,* J., and the case was tried before *Kenneth J. Fiandaca,* J.

*Matthew S. Cameron* for the defendant.

[1]As is our practice, we spell the defendant's name as it appears in the criminal complaint.

*Sarah H. Montgomery*, Assistant District Attorney, for the Commonwealth.

GRAHAM, J. After a bench trial in the South Boston Division of the Boston Municipal Court Department, the defendant, Peter Damelio, was acquitted of possession with intent to distribute a class D substance and a school zone violation, but convicted of the lesser included offense of possession of more than one ounce of marijuana, a class D substance. He filed a timely appeal of the conviction arguing that (1) the motion judge erred in denying his motion to suppress evidence and statements because his detention and subsequent statements were unlawful and in violation of his Federal and State constitutional rights, and (2) the testimony of the Commonwealth's expert, who was not a chemist, was inadmissible on the issue of the identity and the weight of the substance in question and, even if admissible, was insufficient to prove the identity and the weight of the substance. We affirm.

*Motion to suppress.* The defendant moved to suppress physical evidence and statements made by him. After an evidentiary hearing, the motion was denied. We summarize the motion judge's findings of fact, with minor supplementation from uncontested testimony, noting that all of her findings are supported by the evidence she found credible and, therefore, we accept them. See *Commonwealth* v. *Sparks*, 433 Mass. 654, 656 (2001), and cases cited. We accord deference to the motion judge's findings of fact, "but independently review[] the correctness of the judge's application of constitutional principles to the facts found."[2] *Commonwealth* v. *Magee*, 423 Mass. 381, 384 (1996), quoting from *Commonwealth* v. *Mello*, 420 Mass. 375, 381 n.8 (1995).

At approximately 5:45 P.M.[3] on July 10, 2009, Boston police Officer Kevin Jones and his partner, Officer Robert England, both assigned to the drug control unit, were on routine patrol in

---

[2] "Article 14 of the Massachusetts Declaration of Rights provides greater substantive protection to a criminal defendant than does the Fourth Amendment to the United States Constitution." *Commonwealth* v. *Williams*, 422 Mass. 111, 115 n.9 (1996). Therefore, we view the contested detention under the more stringent standard.

[3] While the motion judge's findings of fact indicate that Officers Kevin Jones and Robert England observed the defendant at 4:45 P.M., Officer Jones testified that it was approximately 5:45 P.M. when he observed the defendant.

an unmarked vehicle and dressed in plain clothes, on Old Colony Avenue, an area where they had made drug arrests in the past. Their attention was drawn to the defendant, who was standing on the sidewalk. Seconds later, the defendant entered the rear passenger area of a motor vehicle that then drove into a gasoline station, made a U-turn, came back out on Old Colony Avenue, and pulled to the curb. The defendant exited the vehicle clutching a white plastic bag and then walked down C Street.

After the officers observed the defendant take what they considered "a meaningless ride" and then exit the vehicle with a plastic bag, the officers concluded that the defendant had engaged in a drug transaction. They followed the defendant as he walked down C Street, and then they exited their unmarked vehicle, approached the defendant with their badges displayed, and identified themselves as police officers.[4] The defendant dropped the plastic bag, backed up with his hands in the air, and said, "It's only weed." Jones picked up the white plastic bag, looked inside, and observed a clear plastic Ziploc bag containing green vegetable matter. He noted, further, "a strong smell of what [he] believed to be unburnt marijuana" coming from the bag. When Jones opened the bag, the defendant stated, "It's a QP," meaning one-quarter pound of marijuana. The officer arrested the defendant, placed him in handcuffs, and transported him to the station for booking.

The defendant argues that, when the officers took out their badges and approached him, they did not have specific and articulable facts sufficient to conduct a *Terry* stop.[5] Thus, we begin our analysis by determining whether the interaction in question constitutes a stop (a seizure) for purposes of the Fourth Amendment and art. 14.

"[N]ot every encounter between a law enforcement official and a member of the public constitutes an intrusion of constitutional dimensions." *Commonwealth* v. *Stoute*, 422 Mass. 782, 789 (1996). An investigatory stop, i.e., a brief detention and inquiry, is justified under art. 14 of the Massachusetts Declaration of Rights if the police have " 'reasonable suspicion'

---

[4]Officer Jones testified at the hearing that, after he and England identified themselves to the defendant, the defendant was not free to leave.

[5]See *Terry* v. *Ohio*, 392 U.S. 1 (1968).

to conduct the stop." *Commonwealth* v. *Cheek,* 413 Mass. 492, 494 (1992), citing *Commonwealth* v. *Lyons,* 409 Mass. 16, 18 (1990). Under this standard, the officer's suspicion must be "based on specific, articulable facts and reasonable inferences . . . that the defendant had committed, was committing, or was about to commit a crime." *Commonwealth* v. *Willis,* 415 Mass. 814, 817 (1993). See *Terry* v. *Ohio,* 392 U.S. 1, 21 (1968). We view the facts and circumstances in their entirety in assessing the reasonableness of the officers' conduct. *Commonwealth* v. *Williams,* 422 Mass. 111, 116 (1996). The Commonwealth bears "the burden of demonstrating that the police officers acted lawfully in pursuing and seizing the defendant." *Id.* at 115-116.

A police officer does not seize an individual on a street merely by approaching him and questioning him. *Commonwealth* v. *Fraser,* 410 Mass. 541, 543-544 (1991). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Commonwealth* v. *Sykes,* 449 Mass. 308, 311 (2007), quoting from *Terry* v. *Ohio, supra* at 19 n.16. "Police have seized a person in the constitutional sense 'only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *Commonwealth* v. *Barros,* 435 Mass. 171, 173-174 (2001), quoting from *United States* v. *Mendenhall,* 446 U.S. 544, 554 (1980).[6]

As the defendant has noted, Jones testified at the motion hearing that the defendant was not free to leave once the officers identified themselves to him.[7] However, whether the defendant was free to leave is based on a reasonable person standard, and not on the subjective state of mind of the officers. See *Whren* v. *United States,* 517 U.S. 806, 812-813 (1996); *Commonwealth* v. *Smigliano,* 427 Mass. 490, 493 (1998). The subjec-

---

[6]In *Mendenhall, supra* at 555, the Court determined there was no seizure where Drug Enforcement Administration agents approached the defendant in an airport, asked to see her identification and airline ticket, and then asked her to come to the office for further questioning.

[7]Citizens have no legal duty to cooperate with police inquiries; if approached by police officers, a person need not answer any questions posed to him and, in fact, may decline to listen to the questions at all and go on his way. See generally *Florida* v. *Royer,* 460 U.S. 491, 497-501 (1983).

tive intention of the officers to detain the defendant, had he attempted to leave, is irrelevant except insofar as it may have been conveyed to the defendant.[8] See *Commonwealth* v. *Barros*, *supra*.

Here, the officers did no more than they were authorized to do by *Terry*. The approach of the defendant, on a public street, by officers who wore no uniforms and therefore identified themselves by displaying their badges, and who neither displayed any weapons nor engaged in hostile or aggressive actions towards the defendant, did not impinge upon any constitutionally protected interest of the defendant. See *Commonwealth* v. *Sanchez*, 403 Mass. 640, 644-645 (1988) (defendant not seized when police officer approached him in airport, displayed his badge, and asked if defendant would speak with him); *Commonwealth* v. *Grandison*, 433 Mass. 135, 138 (2001) (defendant not seized by police who followed him into alley without blocking his path or controlling his speed of movement).

We also reject the defendant's claim that the motion judge erred in denying his motion to suppress his statements. The statements that the defendant seeks to suppress were made spontaneously, not in response to police questioning and not while the defendant was in police custody. See *Rhode Island* v. *Innis*, 446 U.S. 291, 300-301 (1980) (Miranda warnings required only when "person in custody is subjected to either express questioning or its functional equivalent"); *Commonwealth* v. *Sheriff*, 425 Mass. 186, 197 (1997) (same).

*Expert's testimony.* The defendant contends that the trial judge improperly allowed opinion testimony from a police officer on the composition and the weight of the substance alleged to be marijuana, and that the officer's testimony about the substance in question was insufficient to support his conviction beyond a reasonable doubt. At the conclusion of the Commonwealth's case, the defendant made a motion for required findings of not guilty, which was denied.

---

[8]A seizure might occur, even if a suspect does not attempt to leave, by the nature and tone of voice used by the officers, *Commonwealth* v. *Pimental*, 27 Mass. App. Ct. 557, 560 (1989), or by circumstances in which the police presence is so overpowering as to be "inconsistent with a brief *Terry*-type stop," *Commonwealth* v. *Sanderson*, 398 Mass. 761, 766-767 (1986) (assemblage of six officers and one police dog constituted arrest).

In reviewing the denial of a motion for a required finding of not guilty, the court must determine "whether the evidence, in its light most favorable to the Commonwealth, . . . is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged." *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). "It is sufficient that the evidence permitted the inference which the [fact finder] obviously drew against [the defendant]." *Commonwealth* v. *Nelson*, 370 Mass. 192, 203 (1976).

At trial, the Commonwealth presented its case through the testimony of Officer Jones, Officer England, and Boston police Detective Timothy Lynch. Lynch, then a member of the Boston police department for more than thirty-three years, had spent twenty-five years working in the drug control unit. In addition to annual in-service training, which included drug-related matters, he attended several seminars and courses given by the Drug Enforcement Administration (including a two-week basic drug investigator's course), the Massachusetts State police, and several city and county police departments. In addition, he had made approximately 350 arrests involving marijuana, and had handled the drug on approximately 275 to 300 occasions. Through his training and experience, Lynch was familiar with the smell, appearance, and texture of marijuana.

The defendant objected to the Commonwealth's motion to admit in evidence Detective Lynch's opinion testimony regarding the composition of the substance recovered from the defendant on the basis that only a trained and qualified chemist could have properly made the determination that the substance was in fact marijuana. The trial judge allowed the Commonwealth's motion over the defendant's objection. There was no error.

The admission of narcotics opinion testimony "is largely a matter of discretion for the trial judge," and the judge's decision to admit such testimony "will be given deference absent an abuse of discretion or other error of law." *Commonwealth* v. *Grissett*, 66 Mass. App. Ct. 454, 457 (2006), citing *Commonwealth* v. *Johnson*, 413 Mass. 598, 604 (1992). In this case, involving a narcotic offense, the Commonwealth had to prove beyond a reasonable doubt that the substance at issue was, in fact, the substance alleged in the complaint. *Commonwealth* v.

*McGilvery*, 74 Mass. App. Ct. 508, 511 (2009). "That proof may be made by circumstantial evidence, including the testimony of experienced police officers. An individual's familiarity with the properties of marijuana through past experience coupled with 'present observation' of the substance at issue is sufficient to establish its identity." *Commonwealth* v. *MacDonald*, 459 Mass. 148, 153 (2011) (citations omitted). See *Commonwealth* v. *Dancy*, 75 Mass. App. Ct. 175, 183 (2009). There was no error by the trial judge in allowing Lynch to offer an opinion as to the identity of the substance.

We also find no merit to the defendant's claim that Lynch's opinion as to the nature of the substance was conclusory, and not based on objective criteria regarding specific attributes of marijuana. In concluding that the substance in the plastic bag discarded by the defendant was marijuana, Lynch testified:

> "I'm basing my opinion on the fact that I'm looking through a clear plastic bag, and I see a green leafy matter that is crunchy, vegetable-like, you can see the stalks that this matter is growing on, and there's an odor coming from the bag that I can . . . identify with marijuana."

We conclude that Lynch's testimony was based on objective criteria as well as sufficient training and experience, and was sufficient to support the finding.

Moreover, the Commonwealth presented sufficient circumstantial evidence to permit the trial judge to conclude that the Commonwealth had sustained its burden of proof on the lesser included charge of possession of marijuana. At trial, Jones, a police officer experienced in dealing with narcotics arrests, testified that the odor of the substance emanating from the plastic bag dropped by the defendant prior to his arrest was that of marijuana. In addition, the defendant, after dropping the plastic bag, stated that the substance inside the bag was "weed." In sum, the expert testimony and, independently, the circumstantial evidence presented by the Commonwealth was sufficient to satisfy the Commonwealth's burden of proving that the substance possessed by the defendant was marijuana.

Finally, we reject the defendant's claim that the Commonwealth failed to prove that the bag recovered from the

defendant contained more than one ounce of marijuana.[9] Lynch testified that, in his opinion, the marijuana weighed "somewhere around three ounces." The marijuana was admitted at trial; therefore, the trial judge, as trier of fact, was permitted to make his own assessment as to the weight of the marijuana and conclude, as he evidently did, that the weight of the marijuana exceeded one ounce. See *Commonwealth* v. *Connolly*, 454 Mass. 808, 832 (2009) (lay witnesses permitted to testify to opinions such as size and weight, and fact finders can make same judgments based on adequate information). In addition, the defendant made a voluntary admission to Officers Jones and England that the bag he dropped contained a "QP," or one-quarter pound of marijuana.

*Judgment affirmed.*

---

[9]Possession of one ounce or less of marijuana no longer is a criminal offense in Massachusetts; rather, it is a civil violation subject to a fine. See G. L. c. 94C, § 32L.